**TRANSO ENVELOPE COMPANY, a Division of Arvey Corporation, a corporation registered to do business in the State of New Jersey, Plaintiff,**

v.

**MURRAY ENVELOPE COMPANY, a corporation of the State of Mississippi, Defendant.**

Civ. A. No. 1000-63.

United States District Court
D. New Jersey.
March 16, 1964.

Cole & Cole, by Larry M. Cole, Jersey City, N. J., for plaintiff.

Lum, Biunno & Tompkins, by Charles H. Hoens, Jr., Newark, N. J., for defendant.

AUGELLI, District Judge.

Plaintiff brings this action alleging malicious interference on the part of defendant with certain contracts of employment between plaintiff and three of its former employees. It is claimed defendant employed these men after inducing them to breach their contracts of employment with plaintiff, and has obtained from said employees information of a secret or confidential nature pertaining to plaintiff's business, which information they were not at liberty to disclose without plaintiff's consent. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

Plaintiff is a Delaware corporation, authorized to do business in New Jersey, and defendant is a Mississippi corporation. Jurisdiction is presumably based on diversity of citizenship and allegation of the requisite amount in controversy.

Defendant moves, pursuant to Rule 12 (b) (2) of the Federal Rules of Civil Procedure, to dismiss the complaint on the ground that the Court lacks jurisdiction over its person. Defendant was served with process in Mississippi by registered mail, return receipt requested. Service of process, in the manner indicated, is not disputed by defendant.

Rule 4(e) of the Federal Rules of Civil Procedure permits service of process outside the state in which the district court is held, in any manner prescribed by state court rules. In New Jersey, R.R. 4:4–4(d) provides that "subject to due process of law", a foreign corporation may be served by mailing to such corporation's principal place of business, by registered mail, return receipt requested, a copy of the summons and complaint. Since defendant was served in the manner provided by the cited state court rule, the only issue presented is whether or not the requirements of "due process of law" have been satisfied.

In this context, the term "due process of law" is one of art, which has been used by the Supreme Court to describe the constitutional limitations on a state exercising its judicial power over a defendant who is not served with process within that state  Hanson v. Denckla, 357 U.S. 235, 251, 78 S.Ct. 1228, 2 L.Ed. 2d 1283 (1958). In the case of International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), it has been stated that "due process of law" requires "certain minimum contacts" by the defendant with the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' ". In McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), "due process of law" was satisfied where the cause of action involved arose out of, or had a substantial connection with, an act or transaction by the defendant within the forum state, even though the defendant carried on no other business in that state. See Hanson v. Denckla, supra.

The complaint is in ten counts. Nowhere is it alleged that defendant conducts any business activities in New Jersey. The only allegations relating to the issue here involved appear in paragraph 9 of Count I and paragraph 6 of Count V, wherein the charge is made that defendant, by its agents, came into New Jersey to induce John J. Ryan and Joseph A. Dukes to breach their employment contracts with plaintiff and to enter the employ of defendant. Another individual, Jack O'Leary, is also mentioned in the complaint, but there is no allegation that his present employment by defendant resulted from any solicitation or other activity on the part of defendant in New Jersey.

In support of its motion, defendant has submitted the affidavit of its President and General Manager, L. E. Rhian, Sr., who sets forth in detail the location and nature of defendant's business activities, and denies that defendant has conducted any activities of any kind or character whatsoever in New Jersey, or that any of its agents have ever gone to New Jersey for the purpose of inducing the

breaches of employment contracts alleged in the complaint.

In opposition to defendant's motion, plaintiff has filed an affidavit by Jerome J. Kiessling, who describes himself as the Director of Administration of plaintiff corporation. Mr. Kiessling states that, in the course of his employment, he became "apprised" of certain information to the effect that during the latter part of July 1963, Dukes (then an employee of plaintiff) approached Ryan and at least one other key employee of plaintiff, and informed them that he (Dukes) had been authorized by defendant to hire them and to make arrangements for their transfer to Mississippi at the expense of defendant. In reply to this affidavit, defendant's president has filed a second affidavit in which he specifically denies that Dukes was authorized by defendant to hire Ryan or any other person in plaintiff's employ, and states that Dukes and Ryan were not employed by defendant until after they had terminated their employment with plaintiff and had come to Mississippi. Dukes and Ryan have filed affidavits to the same effect.

Thus, on this motion, the Court has before it the mere allegations of the complaint that the causes of action based on the breach of the employment contracts in question arose out of the acts of defendant's agents in New Jersey. The Kiessling affidavit sets forth no specific facts, based on personal knowledge, that in any way support these allegations. An affidavit which simply recites that the affiant has been "apprised" of certain information, without more, is entitled to no weight on this motion. See Rules 43(e) and 56(e) of the Federal Rules of Civil Procedure. In the absence of some evidentiary facts tending to establish the alleged acts of defendant's agents in New Jersey, and in view of the specific sworn denials of such acts by defendant and plaintiff's failure to allege that defendant conducts any other activities in this state, this Court finds that defendant would not be afforded "due process of law" if it were required to come here to defend the action.

Under the circumstances, defendant's motion to dismiss the complaint for lack of jurisdiction over its person will be granted. Submit order.