The KROGER COMPANY et al., Appellants,

v.

Margie WARREN et vir., Appellees.

No. 252.

Court of Civil Appeals of Texas.

Tyler.

Dec. 1, 1966.

Daugherty, Bruner & Lastelick, Dallas, for appellants Hopper & Hawkins, Inc. and Delbert Clymer.

Bracewell & Patterson, Houston, for appellants Kroger Co. and Sam G. Morrow.

Kenneth Bing, Freeport, John C. Werner, Miller & Gann, Houston, for appellees.

SELLERS, Justice.

The appellees, in their brief, make the following statement of the case:

"Plaintiff, MRS. MARGIE WARREN, was an employee of Appellant THE KROGER COMPANY and worked in its Henke & Pillot store located in Freeport, Brazoria County, Texas. Appellant SAM G. MORROW is Kroger's security officer. Appellant HOPPER & HAWKINS, INC. is a 'sales survey' company employed by KROGER to survey and audit various retail stores owned by KROGER to determine the courtesy, efficiency, honesty, attitude and conduct of the store employees. Appellant DELBERT CLYMER is an employee of HOPPER & HAWKINS, INC.

"This suit was brought by MARGIE WARREN, and husband, RALPH WARREN, against said Appellants for dam-

ages for false imprisonment, assault and battery and defamation of character. The alleged torts arose out of a three hour interrogation of MRS. WARREN by SAM G. MORROW and DELBERT CLYMER in a small room in a remote portion of the Henke & Pillot store, where MRS. WARREN was employed, concerning an alleged theft by MRS. WARREN of property belonging to her employer. Appellees contend that: (1) the wrongful detainment of MRS. WARREN constitutes false imprisonment; (2) the forcible prevention of MRS. WARREN from leaving the said room constitutes an assault and battery; and (3) the subsequent publication of a false statement impugning the veracity of MRS. WARREN constitutes libel and slander."

The defendants each filed separate pleas of privilege to be sued in the county of their residence. The plaintiffs filed controverting pleas to each of the pleas of privilege in which they set up venue under several subdivisions of the venue statute. The venue issues were set down for hearing before the Court without the aid of a jury. On the hearing of the pleas, the following proceedings were had:

"MR. BING: I will now read to the Court the Plaintiffs' First Amended Original Petition.

"MR. WILDE: In the interest of time, we will be glad to waive the reading of the petition, and let it come in.

"MR. WERNER: I introduce it in evidence.

"THE COURT: You can introduce it in evidence without reading it.

"(The instrument was received in evidence by the Court. For copy see Index.)

"THE COURT: All right, you can go ahead.

"MR. WERNER: I would like to call Mrs. Margie Warren to the stand at this time, Your Honor.

\* \* \* \* \* \*

"*MARGIE WARREN,* called as a witness, being first duly sworn, testified as follows:

"*DIRECT EXAMINATION*

"Questions by Mr. Werner:

"Q Would you state your full name, please?

"A Margie Mae Warren.

"Q Are you familiar with the pleadings that have been read, referred to as Plaintiffs' First Amended Original Petition?

"A Yes, sir.

"Q Have you read it?

"A Yes, sir.

"Q Do you understand what is alleged in it?

"A Yes, sir.

"Q Do you have personal knowledge of the facts that are stated therein?

"A Yes, sir.

"Q And, to your best knowledge and belief, are the facts stated therein true and correct?

"A Yes, sir.

"Q Do you at this time adopt the facts as stated therein as your testimony in this proceeding?

"A Yes, sir."

While there was some other evidence introduced on the hearing by both parties, the view taken of the appeal makes it unnecessary to refer to such other evidence. The attorneys for both plaintiffs and defendants on the submission of this case admitted that if the petition of plaintiffs was not admissible in evidence, then there would not be evidence by plaintiffs of a prima facie case in support of the controverting pleas of privilege. The trial court admitted plaintiffs' petition in evidence and over-

ruled the defendants' pleas of privilege from which ruling the defendants have duly prosecuted this appeal.

The plaintiffs' First Amended Original Petition admitted in evidence was not verified, and we doubt that the proceedings above set out would be sufficient to render it a verified petition since Mrs. Warren stated: "To your best knowledge and belief, are the facts stated therein true and correct? Answer: Yes."

However, this Court is of the opinion that the petition of plaintiffs was not admissible in evidence to prove the alleged facts contained in the petition even if it had been properly verified. The rule announced in 23 T.J.2d, page 219, Section 146, is as follows:

"As a general rule, pleadings in a pending cause, even though they are verified, are not admissible in evidence to prove the facts alleged therein. * * *"

Cited in support of this rule is Reo Motor Car Co. v. Barnes, 9 S.W.2d 374, where the Court said:

"For some reason not shown by the record the appellee was permitted to introduce in evidence his abandoned amended original answer and cross-action, and also his second amended original answer and cross-action upon which he went to trial. The pending pleadings were before the court and the jury, not as evidence, but as a statement of facts to be proved by evidence, and they could not legally be used for other purpose. Abandoned pleadings of the opposite party are sometimes introduced in evidence as admissions against interest, but that rule does not permit a party to use his own abandoned pleadings for the purpose of proving his own alleged facts. * * *"

On a venue hearing, the Dallas Court of Civil Appeals at an early date held:

"Appellee, Sigmond Rothschild Company, Inc., introduced and read in evidence its original petition. However, the allegations therein contained cannot be considered as evidence for any purpose in behalf of said appellee in discharging the burden of proof resting on said appellee to establish the existence of the exception to exclusive venue in the county of appellants' residence. Such a rule governing the production of testimony would be to substitute self-serving declarations for the production of evidence from original source to establish a controverted issue." Waxahachie Nat. Bank et al. v. Sigmond Rothschild Co., Inc. et al., 235 S.W. 633.

Mrs. Warren's testimony that she adopted the allegations of fact in her petition as her evidence just could not give life to the instrument as evidence which was otherwise inadmissible to prove her case.

The judgment of the trial court is reversed and the cause remanded.