IVAN C. WRIGHT v. JAROLD HULETT

4638                                                    431 S.W. 2d 486

Opinion Delivered September 16, 1968

*Rhine & Rhine* and *C. B. Erwin* for appellant.

*Kirsch, Cathey & Brown* for appellee.

PAUL WARD, Justice.    This litigation is between Ivan C. Wright (appellant), a landlord, and Jarold Hulett (appellee), a lessee.    The background facts, set out below, are not contested.

On November 15, 1966 appellant filed a complaint in chancery court alleging he had leased certain lands to appellee for the year 1966; that appellee planted 250 acres in beans and 20 acres in milo maize; that appellee agreed to pay, as rent, ¼th of all crops—free from harvesting costs—and also agreed to harvest said crops at maturity.    It was further alleged that appellee failed to harvest said crops at maturity, and that he owed $500 for money advanced for planting and cultivation.    Ap-

pellant's prayer was that he be allowed to enter and harvest the crops; that he be given judgment for cost of harvesting and also for the $500 advanced.

On motion by appellee the cause was transferred to the circuit court—without objections—and, on January 18, 1967 appellant filed therein an "amended and substituted complaint", making substantially the same allegations as previously made and asking judgment for the $500 and $908 for damages to the crops. The above allegations were denied by appellee in his answer.

A jury trial was had and, on December 18, 1967, a verdict (and judgment) was entered in favor of appellee, and this appeal follows.

Seeking a reversal, appellant relies on only one point: *The court erred in refusing to allow appellant to introduce in evidence his complaint filed in the chancery court.*

It is our conclusion that the trial court did not commit reversible error. In the first place, appellant had a right to testify concerning the subject matter in the original complaint, and he did, in fact, so testify. Consequently it is difficult to understand how he has been prejudiced by the court's ruling.

Moreover, it appears that the trial court would have erred had it allowed the complaint (in the chancery court) to be introduced in evidence. In 29 Am. Jur. 2d, EVIDENCE, § 703, we find this statement:

> "In accord with the general rule in respect of self-serving declarations, a self-serving statement or allegation in a pleading, such as a bill in equity, or a petition or complaint, or an answer in an action at law, is inadmissible in behalf of the pleader, in the action in which it is filed, against his opponent or a codefendant, and also inadmissible in behalf of the pleader against such persons and any other person in a subsequent proceeding."

To the same effect see 1ALR, page 84.

In *The Henry Wrape Company* v. *Barrentine,* 129 Ark. 111 (p. 115), 195 S.W. 27, where an effort was made to introduce in evidence the complaint in the original case, we find the following statement:

"We have never gone any further than to permit the use of pleadings between the same parties in other cases for the purpose of contradicting the party signing the pleadings when he takes the stand as a witness, or as admissions by him against interest."

Likewise, in *Hill* v. *Talbert,* 210 Ark. 866 (p. 871) 197 S.W. 2d 942, this Court quoted from 31 C. J. S. page 948 § 216 the following:

"Generally a party cannot make evidence for himself by his own declarations, and it is a well-established general rule that a statement of a party, whether oral or written, which is of a self-serving nature is not admissible in evidence in his favor."

Finding no reversible error the judgment of the trial court is hereby affirmed.

Affirmed.