STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY *v.* George F. CATES

76-278                                                     546 S.W. 2d 423

Opinion delivered February 22, 1977
(Division I)

130

*Richard H. Mays,* for appellant.

*Brown, Compton & Prewett,* by: *William I. Prewett,* for appellee.

DARRELL HICKMAN, Justice. This is an appeal by State Farm Insurance Company from a judgment against it for $5,-000.00 obtained by its insured, George F. Cates. The judgment was for damages covered by the uninsured motorist provision of a State Farm policy.

State Farm alleges four errors on appeal. However, the main issue is an interpretation of the uninsured motorist clause and its application to the facts in this case.

Cates was injured when his vehicle was struck in the rear by a gravel truck driven by Thomas L. Dorathy, an employee

of J. T. Allen. Cates suffered damages of at least $20,000.00. Cates, in a separate case, sued Dorathy and Allen, and Allen's insurance company paid the limits of its policy, $5,-000.00. Louisiana Industries, Inc., who paid Allen for hauling gravel, was joined in the suit. Its insurance company paid Cates $7,500.00, but in the settlement agreement denied that it was the employer of Allen or Dorathy and recited that the settlement was a compromise of a doubtful and disputed claim.

Cates' insurance with State Farm provided for a maximum of $10,000.00 coverage for personal injury damages resulting from an accident caused by an uninsured vehicle. When State Farm refused to pay Cates, this suit was filed. Cates asked for $5,000.00 plus a penalty and attorney's fee.

The lower court asked the jury to determine fault, fix damages, and decide if Dorathy, the gravel truck driver, was working as an employee or agent of Louisiana Industries at the time of the accident. The jury found Dorathy at fault, fixed damages at $20,000.00, and found Dorathy was not working as an employee or agent of Louisiana Industries at the time of the accident. The court, based on these findings, granted Cates judgment against State Farm for $5,000.00, plus 12% penalty and $1,500.00 attorney's fee.

The court properly instructed the jury on the law and the findings of the jury and the court will be affirmed.

State Farm argues on appeal the gravel truck was insured and if not, the payment of $7,500.00 by Louisiana Industries should reduce its liability to zero.

The State Farm policy describes an uninsured vehicle as one not insured to the limits of the Financial Responsibility Law, $10,000.00; or a vehicle which has no insurance ". . . applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle. . . . " Obviously there was $5,000.00 insurance on the vehicle, which left $5,000.00 "uninsured" according to Arkansas law. Ark. Stat. Ann. § 66-4003 (Repl. 1966). Therefore, the question is, did Louisiana Industries' insurance cover the gravel truck? If it did, the truck would be

insured. If not, the truck would be uninsured. Since the jury found that Dorathy was not an agent or employee of Louisiana Industries, it follows that Louisiana Industries was not legally responsible for the use of the vehicle. Therefore, the truck was uninsured.

State Farm argues that the jury should have been asked to determine the relationship of J. T. Allen to Louisiana Industries, rather than Dorathy's relationship. This argument is without merit because Dorathy was using the truck and caused the accident, not J. T. Allen.

State Farm also argues that even if the vehicle was uninsured, the $7,500.00 settlement paid to Cates by Louisiana Industries should reduce State Farm's liability to zero. The State Farm policy does provide for a reduction of liability. The policy reads that any payment by ". . . any other person or organization jointly or severally liable together with such owner or operator for such bodily injury. . . . " will reduce State Farm's liability. The key word here is "liable." The jury made a finding that Dorathy, the gravel truck driver, was not working for Louisiana Industries and, therefore, Louisiana Industries was not legally responsible or liable for Dorathy's actions. See *Courson* v. *Maryland Casualty Company*, 475 F. 2d 1030 (8th Cir. 1973).

Finally, State Farm argues the court erred in overruling a motion for summary judgment and preventing the introduction of certain evidence. There was obviously a dispute of a material fact and the motion for summary judgment was properly denied. *Southland Ins.* v. *Northwestern Nat'l. Inc.*, 255 Ark. 802, 502 S.W. 2d 474 (1973). State Farm offered into evidence some pleadings in the case of Cates v. Allen and Louisiana Industries, and the settlement agreement between Cates and Louisiana Industries. The court ruled in chambers that these pleadings and the settlement agreement should not be before the jury. The court was correct, because the jury needed to decide, without prejudice, the legal relationship between Louisiana Industries and Dorathy.

In summary, Cates received, through his legal efforts, a $7,500.00 settlement from Louisiana Industries' insurance company. It was determined by a jury that Louisiana In-

dustries was not liable or legally responsible for Dorathy's actions. Cates should not be penalized for his successful legal efforts, nor should State Farm be absolved of its legal responsibilities under their contract. An additional $500.00 attorney's fee will be awarded.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.