## Dennis BLACK *v.* FARM BUREAU MUTUAL INSURANCE COMPANY OF ARKANSAS, INC., William R. CHAMBERS and Viola D. BOHANNON

81-6                                            614 S.W. 2d 937

Supreme Court of Arkansas
Opinion delivered May 4, 1981

*Guy Jones, Jr.*, for appellant.

*Matthews & Sanders*, for appellees.

JOHN I. PURTLE, Justice. The parties presented this matter to the trial court upon the pleadings and a stipulation of facts. Appellant appeals from the decision of the trial court which dismissed the complaint.

The only point in the appeal is whether the trial court erred in holding appellant was not entitled to recover under the uninsured motorist provision of his automobile insurance policy.

The parties stipulated the appellant's damages were

caused by the action of joint tortfeasors, Chambers and Bohannon. They further stipulated that the appellant has uninsured motorist coverage with Farm Bureau and that Bohannon's liability insurance company had paid appellant $10,000 and obtained a release. They further stipulated that the terms of appellant's uninsured motorist coverage were:

Any amount payable under the terms of this endorsement because of bodily injury sustained in an accident by a person who is insured under this coverage shall be reduced by:

(1) All sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other persons or organization who may be liable together with such owner or operator for such bodily injury including all sums paid under the bodily injury liability coverage of the policy.

The stipulation certainly makes this case less difficult than it might have been. There being no disputed facts, it is clear that had Farm Bureau paid appellant pursuant to the terms of his uninsured motorist coverage it would have been entitled to subrogation under the provisions of Ark. Stat. Ann. § 66-4006 (Repl. 1980). Therefore, when joint tortfeasor Bohannon paid $10,000 to appellant and his carrier, this amounted to collection of subrogation in advance and satisfied the liability under the uninsured motorist provision of the policy.

An individual is entitled to only one recovery for the minimum limit of the Arkansas Financial Responsibility Act. *MFA Mutual Insurance Co.* v. *Wallace*, 245 Ark. 230, 431 S.W. 2d 742 (1968). If he collects only a portion of the minimum from a joint tortfeasor or any other responsible persons or organization, he may collect the balance up to the minimum from his uninsured motorist carrier. *State Farm Mutual Automobile Insurance Co.* v. *Cates*, 261 Ark. 129, 546 S.W. 2d 423 (1977).

We cannot agree with appellant that we should overrule

our prior decisions. Therefore the trial court's decision is affirmed.

Affirmed.

HOLT, J., not participating.