Deborah BROWN *v.* Monica Diane CONWAY

89-215                                    781 S.W.2d 12

Supreme Court of Arkansas
Opinion delivered December 11, 1989

*Dabbs, Dabbs & Graham*, by: *Jeffrey M. Graham*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

ROBERT H. DUDLEY, Justice. The appellant, Deborah Brown, and the appellee, Monica Conway, were involved in a fracas at their place of work. During the melee the appellee bit the appellant's forehead causing the loss of part of her forehead and left eyebrow. Appellant filed a civil suit against the appellee for assault and battery. The jury returned a verdict for the appellee. We reverse and remand for a new trial because of an erroneous evidentiary ruling.

At trial, appellant's evidence tended to show that she was the victim of an unprovoked attack by appellee. On the other hand, the appellee called witnesses in an effort to show that she had acted only in self-defense. Appellee called Tony Clark who testified over appellant's objection that on another occasion, unknown to appellee, appellant had gotten mad at Clark and loudly cursed him in a crowded restaurant. The ruling allowing the testimony was in error and was prejudicial.

This evidence of the character trait of aggressiveness was offered as circumstantial evidence to show that appellant was likely to have been the aggressor in the affray. A.R.E. Rule 404 deals with the basic question of whether evidence of character or traits of character should be admitted. Subdivision (a) of the rule is as follows:

> *Rule 404. Character evidence not admissible to prove conduct, exceptions—Other crimes.*—(a) Character Evidence Generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

(2) Character of victim. Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor.

■ The subsection means that, in civil cases, the general rule is that neither party may offer evidence that the other had a trait of character which made it likely that he acted in conformity therewith on the occasion which gave rise to the lawsuit. The exceptions to the general rule which are set out in (1) and (2) above are not applicable to civil cases. Use of the words "accused" and "prosecution" means that these two exceptions should be applied only in criminal cases. Weinstein & Berger, *Weinstein's Evidence*, 404-22 (1988). This is true even if the conduct in the civil case could constitute a crime, as in the case at bar. *Weinstein, supra*, 404-25. Thus, the trial court erred in admitting the evidence showing a character trait in this civil case.

■■ The general rule does not prohibit the introduction of evidence of character or traits of character in a civil case where (1) trait of character is in issue, for example, the competency of a driver in an action for negligently entrusting a motor vehicle to an incompetent driver, *see McClellan* v. *State*, 264 Ark. 233, 570 S.W.2d 278 (1978), or (2) the evidence is being offered to reflect upon the credibility of the witness, that is, showing the witness's character for veracity under Rules 608 and 609, or (3) proving something other than that the defendant acted in conformity with his character. *See Weinstein, supra*, 404-22. Further, it does not prevent a plaintiff in a civil assault action from showing in rebuttal that the defendant had a trait of violence in cases where the defendant first put his own traits of character in evidence by testifying to his peacefulness. *Pursley* v. *Price*, 283 Ark. 33, 670 S.W.2d 448 (1984).

Reversed and remanded.