RAZORBACK CAB OF FORT SMITH, INC. *v.* James M. LINGO

90-254                                    802 S.W.2d 444

Supreme Court of Arkansas
Opinion delivered January 22, 1991

324

*Jack Skinner*, for appellant.

*Nolan & Caddell*, by: *Fred Caddell*, for appellee.

STEELE HAYS, Justice. Appellee James Lingo was awarded a judgment of $3,422.09 against Razorback Cab of Fort Smith, Inc. and Joseph Vernon Johnson, for personal injuries sustained by Lingo as a result of being struck by Johnson, a cab driver for Razorback. On appeal Razorback has asserted a number of errors.[1] We reverse for a new trial.

Shortly after midnight on February 29, 1988, Joseph Johnson, driving a taxicab leased from Razorback Cab, picked up James Lingo and Gene Speakman. The two men had been drinking beer earlier at a Fort Smith tavern. Lingo and Speakman lit cigarettes but when the other passengers objected Johnson asked them not to smoke. Lingo refused to put out his cigarette, though admittedly asked two or three times to do so. An argument developed between Lingo and Johnson and Johnson stopped the cab. Lingo and Johnson got out, arguing over whether Lingo should pay a partial fare. Lingo contends Johnson struck

---

[1] Johnson has not appealed.

him unexpectedly. Johnson claims Lingo cursed him and swung first and missed. Johnson admits striking Lingo at that point.

James and Rita Lingo filed suit against Razorback and Johnson for some $420 in medical expenses and for compensatory and punitive damages. The jury rejected the claim of Rita Lingo and awarded only compensatory damages.

■ Over the objection of the defendants, the plaintiffs were permitted to introduce the complaint in evidence. Razorback charges the trial court with reversible error on this count and we sustain the argument. Complaints, normally phrased in the most partisan language, are in no conceivable sense evidentiary. That seems particularly true in a personal injury case, and one in which punitive damages are sought. The introduction of the complaint as an exhibit which the jury is told it should consider [AMI Civ. 3d 101(d)] and which it may take into the jury room, strikes us as arrant error.

While the cases bespeak no hard and fast rule, pleadings, and especially complaints, are generally treated as inadmissible. *Wright* v. *Hullett*, 245 Ark. 152, 431 S.W.2d 486 (1968) ("Statement or allegation in a pleading, such as a bill in equity, or a petition of complaint . . . is inadmissible in behalf of the pleader, in the action in which it is filed, against his opponent. . . ."); *State Farm Mutual Insurance Co.* v. *Cates*, 261 Ark. 129, 546 S.W.2d 423 (1977); *Fumiko Matsuuchi* v. *Security-First National Bank of Los Angeles*, 103 Cal.2d 214, 229 P.2d 376 (1951) ("Since when has an allegation in a pleading ever been regarded as evidence against an opposing party? The answer is never at all in the history of the law."); *Kroger Company* v. *Warren*, 410 S.W.2d 194 (Tex. Civ. App. 1966); *Abramsky* v. *Felderbaum*, 194 A.2d 501 (1963); *Toney* v. *Raines*, 224 Ark. 692, 275 S.W.2d 771 (1955).

Appellees responded by noting that answers to interrogatories, requests for admissions, depositions and the like, are admissible. While that may be true, provided they are germane, it hardly touches on the issue—whether a *complaint* may be properly introduced in evidence to sustain the plaintiff's case. Nor are we persuaded by the argument that the introduction of the complaint was simply to provide the jury with a clear picture of what the plaintiffs were requesting by way of relief. There are

other more appropriate methods of doing that than by making the complaint a component of evidence, by virtue of which it takes on a wholly different caste.

While the remaining points are rendered moot, we will discuss them as necessary for purposes of retrial.

Razorback bases two points for reversal on the premise that there was insufficient evidence of an employment relationship between it and Johnson which would render Razorback vicariously liable. Hence, it urges, the trial court erred in denying a motion for a directed verdict and in instructing the jury.

Razorback argues that Johnson leased a taxicab from Razorback under a written agreement expressly defining Johnson's status as a self-employed, independent contractor; Razorback paid no wages or remuneration to Johnson, rather, Johnson paid Razorback a flat $35 per day; that Johnson paid his own expenses, was free to work or not as he chose, took breaks as he chose, was free to pick up passengers or not as he chose, and was subject to no direct supervision by Razorback. In short, Razorback maintains it is a lessor of taxicabs and nothing more.

But we have held in numerous cases that whether the parties have created an independent contractor relationship hinges on the right to control and that is essentially a fact question. (*See Blankenship v. Overholt*, 301 Ark. 476, 786 S.W.2d 814 (1990); *Alpha Zeta Chapter of Pi Kappa Alpha Fraternity v. Sullivan*, 293 Ark. 576, 740 S.W.2d 127 (1987); *Evans v. White*, 284 Ark. 376, 682 S.W.2d 733 (1985); *Hobbs-Western Co. v. Carmichal*, 192 Ark. 59, 91 S.W.2d 605 (1936).

While there were factors which would warrant a finding that Johnson was an independent contractor, there were others that supported an opposing inference, e.g., Razorback imposed a dress code on its drivers which included a ban on beards. Examining the proof in its entirety it is clear that more than one inference could be drawn and it was not improper to submit that issue to the jury. *Evans v. White, supra; Rose v. Black & White Cab Co.*, 222 Ark. 210, 248 S.W.2d 50 (1953).

Razorback also contends that the altercation between Johnson and Lingo occurred outside the cab and any right of control it might have had ended when Johnson left the cab. But

whether an employee is acting within the scope of employment for purposes of respondeat-superior is not necessarily dependent on the situs of the occurrence, but on whether the subject individual is carrying out the object and purpose of the enterprise, as opposed to acting exclusively in his own interest. *Orkin-Exterminating Co. v. Wheeling Pipeline*, 263 Ark. 711, 567 S.W.2d 117 (1978). The underlying purpose in this case, at least in part, was the comfort and welfare of other passengers, a purpose entirely consistent with the interests of Razorback, even though the means employed in furthering such interests were misguided.

■ Razorback complains that it was not permitted to show that Lingo was the likely aggressor because he admitted (in a discovery deposition) that he was aggressive when he drank, or to introduce specific instances of misdemeanor convictions for assault. Razorback concedes that evidence of a person's character is not ordinarily admissible to prove that he acted in conformity therewith, but argues that A.R.E. Rule 404 recognizes an exception where the character of an accused is an issue in the case. However, in *Brown v. Conway*, 300 Ark. 567, 781 S.W.2d 12 (1989), we upheld the trial court's exclusion of similar evidence in a civil case:

> [Under A.R.E. Rule 404] . . . in civil cases, the general rule is that neither party may offer evidence that the other had a trait of character which made it likely that he acted in conformity therewith on the occasion which gave rise to the lawsuit. The exceptions to the general rule which are set out in (1) and (2) above are not applicable to civil cases. Use of the words "accused" and "prosecution" means that these two exceptions should be applied only in criminal cases. Weinstein & Berger, *Weinstein's Evidence*, 404-22 (1988). This is true even if the conduct in the civil case could constitute a crime, as in the case at bar. *Weinstein, supra,* 404-25.

We find no error in the trial court's ruling on these points. *See McClellan v. State*, 264 Ark. 223, 570 S.W.2d 278 (1978); A.R.E. Rule 609.

■ Razorback charges that it was not allowed to impeach Lingo's credibility by showing that he had denied under oath ever having assaulted a police officer, when in fact he had been

convicted of that offense. It is not clear how this issue developed in the trial court (appellant's brief mentions both a motion in limine and the denial of cross-examination for impeachment.) Assuming the conviction to have been punishable by imprisonment for less than a year, it would not be useable for impeachment unless it involved dishonesty or false statement. A.R.E. Rule 609. Since assaulting a police officer involves neither, Razorback has not demonstrated error on this point.

The remaining evidentiary ruling to which Razorback objects, that is, the admission of felony overdraft convictions against Johnson, was related to the claim by the Lingos that Razorback was negligent in hiring Johnson. That cause of action was discarded during the course of the trial and should not be expected to arise on retrial.

Reversed and remanded for further proceedings not inconsistent with this opinion.