Gary S. GREENLEE *v.* STATE of Arkansas

CR 93-1202 884 S.W.2d 947

Supreme Court of Arkansas
Opinion delivered October 10, 1994

*J. Sky Tapp*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Gary Greenlee was convicted of the rape of a five-year-old girl. Over appellant's objection, the trial court allowed the State, in its case-in-chief, to introduce into evidence four prior sex offenses committed in Oklahoma, a prior six-count information, and the affidavit of an Oklahoma detective, who was "assigned to sex cases." The affidavit stated that the detective had "read certain official investigative reports and statements of witnesses regarding the above named defendant, and from the reports [the detective determined]" that appellant should be arrested for six sex felonies in Oklahoma.

The trial court erred in admitting the information and the detective's affidavit in the State's case-in-chief. An information in a criminal case is comparable to a complaint in a civil case. We have set out the evidentiary law regarding the admission of complaints as follows in *Razorback Cab of Fort Smith, Inc.* v. *Lingo*, 304 Ark. 323, 325, 802 S.W.2d 444, 445 (1991):

> Over the objection of the defendants, the plaintiffs were permitted to introduce the complaint in evidence. Razorback charges the trial court with reversible error on this count and we sustain the argument. Complaints, normally phrased in the most partisan language, are in no conceivable sense evidentiary. That seems particularly true in a personal injury case, and one in which punitive damages are sought. The introduction of the complaint as an exhibit which the jury is told it should consider [AMI Civ. 3d 101(d)] and which it may take into the jury room, strikes us as arrant error.

While the cases bespeak no hard and fast rule, pleadings, and especially complaints, are generally treated as inadmissible. *Wright* v. *Hullett*, 245 Ark. 152, 431 S.W.2d 486 (1968) ("Statement or allegation in a pleading, such as a bill in equity, or a petition of complaint . . . is inadmis-

sible in behalf of the pleader, in the action in which it is filed, against his opponent. . . ."); *State Farm Mutual Insurance Co.* v. *Cates*, 261 Ark. 129, 546 S.W.2d 423 (1977); *Fumiko Matsuuchi* v. *Security-First National Bank of Los Angeles*, 103 Cal. 2d 214, 229 P.2d 376 (1951) ("Since when has an allegation in a pleading ever been regarded as evidence against an opposing party? The answer is never at all in the history of the law."); *Kroger Company* v. *Warren*, 410 S.W.2d 194 (Tex. Civ. App. 1966); *Abramsky* v. *Felderbaum*, 194 A.2d 501 (1963); *Toney* v. *Raines*, 224 Ark. 692, 275 S.W.2d 771 (1955).

*Id.* at 325, 802 S.W.2d at 445.

■ The same is true of an information. Instruction 108 of the Arkansas Model Criminal Instructions, which is comparable to Model Instruction 101(d), provides: "The filing of an information is merely the means by which a person is brought to trial. It is not evidence and is not to be considered by you in determining the guilt or innocence of [the defendant]." We have long said an indictment or information is a mere pleading and cannot be used as evidence. *Edmonds* v. *State*, 34 Ark. 720 (1879). Compounding the error is the fact that the information alleged that appellant committed *six* felonies in Oklahoma, but he has been convicted of only *four* prior felonies.

■ It was also error to admit into evidence the affidavit of the Oklahoma detective. It was written by a detective who was not present at appellant's trial. This affidavit stated that the detective was "assigned to sex crimes" and "he has read certain official investigative reports and statements of witnesses regarding the above named defendant and, from these statements it appears" that appellant should be held to answer for *six* felonies. It was inadmissible hearsay evidence.

■ On appeal, the State suggests that the information and affidavit might be admissible as a business record under Rule 803(6) of the Arkansas Rules of Evidence, or as an "other exception" under Rule 803(24). The State offers neither citation of authority nor convincing argument for its suggestion, and we know of no authority in support of such a suggestion. The hearsay rule is clear. Nothing more need be written about it. The State

then makes a more trenchant argument: "If there was any error in admitting the affidavit, it was harmless because the convictions were admissible." Again, the argument is without merit. The error in admitting the affidavit and the information during the State's case-in-chief was obviously prejudicial. The affidavit told the jurors that a detective in Oklahoma who investigated sex crimes thought there was sufficient evidence to charge appellant with six sex crimes. The information alleged the same. Yet he had only been convicted of four of the crimes. It is fundamental that such evidence be excluded. *See Alford* v. *State*, 223 Ark. 330, 266 S.W.2d 804 (1954). This evidence was not admitted during cross-examination of the accused, nor was it admitted during the sentencing phase of a bifurcated trial. Rather, it was admitted during the State's case-in-chief and constituted prejudicial error. As a result, we must reverse and remand.

■ For some unexplained reason, appellant argued in the trial court that it was error to admit both the information and the affidavit, but in this court he does not argue that it was error to admit the information. In the argument section of his brief, appellant discusses only the affidavit. If we were affirming the case we would not consider that part of erroneous ruling admitting the information because of the procedural defect in appellant's argument. However, we are reversing and remanding the case for a new trial. We have long held that under such conditions we should reach the issue despite a procedural defect. The difference in reaching procedurally defective issues when reversing, versus affirming, has long been our practice. In *Arkansas State Highway Commission* v. *Arkansas Real Estate Commission*, 243 Ark. 738, 421 S.W.2d 883 (1967), we considered on the merits not one, but two, contentions that were procedurally defective. In one, we held that upon retrial the appellant would be entitled to a certain instruction even though the one offered at the first trial was imperfectly drawn. In the other we pointed out that one of appellant's contentions might be unsound upon a second trial even though we could not tell from appellant's abstract whether the trial court had erred in the original trial. In commenting on our practice, Justice George Rose Smith, concurring in *St. Louis S.W. Railway Co.* v. *Jackson*, 246 Ark. 268, 438 S.W.2d 41 (1969), wrote:

> Our practice is demonstrably right. It involves no unfairness either to the trial court or to the losing party,

because the case is going back for a new trial in any event. Hence, what we try to do is to prevent still a third trial as a result of some error that is called to our attention upon the first appeal.

*St. Louis S.W. Ry.* v. *Jackson*, 246 Ark. 268, 275, 438 S.W.2d 41, 45 (1969) (Smith, J., concurring).

Appellant makes a number of other assignments of error, but none has merit. We address those arguments that might arise upon retrial.

Appellant contends the trial court erred in admitting into evidence, during the State's case-in-chief, the four prior convictions for sexual offenses. All four of the prior convictions were sex-related offenses, two being for indecent exposure and two being for lewd molestation, and all were committed against five-year-old boys who were entrusted to appellant for baby-sitting care. Similarly, the five-year-old victim in this case was entrusted to appellant for baby-sitting care. When caught with the child in his bedroom, appellant gave the excuse that he was only comforting the child.

If this case did not pertain to child abuse or incest, the evidence of other crimes would be inadmissible character evidence under Rule 404(b) of the Arkansas Rules of Evidence. However, we allow such evidence under a pedophile exception to show "similar acts with the same child or other children in the same household when it is helpful in showing a 'proclivity toward a specific act with a person or class of persons with whom the accused has an intimate relationship.'" *Free* v. *State*, 293 Ark. 65, 71, 732 S.W.2d 452, 455 (1987) (quoting *White* v. *State*, 290 Ark. 130, 717 S.W.2d 784 (1986)). Appellant committed the prior offenses against young children, just as he was accused of doing in this case, and in committing the prior offenses, he was successful in luring the children into his lair by baby-sitting, just as he was accused of doing in this case. We have long held that such evidence helps to prove the depraved sexual instinct of the accused. *Williams* v. *State*, 103 Ark. 70, 146 S.W. 471 (1912).

Appellant next contends that the trial court erred in allowing into evidence a videotaped deposition of the victim. Section 16-44-203 of the Arkansas Code Annotated permits the

presentation of a child's testimony by videotaped deposition "for good cause shown." Ark. Code Ann. § 16-44-203(b) (Repl. 1994). Appellant claims there was no showing of good cause, that the only evidence came from the child's mother, who, he argues, had an obvious bias and who merely testified the child would do better in a "one-on-one basis." But there was more to her testimony. She said her daughter had nightmares, was nervous and frightened, shied away from men since the occurrence, was undergoing weekly counseling at her school, and would not be able to testify in front of a lot of people. There was, in short, ample basis for a finding of good cause. *Kester* v. *State*, 303 Ark. 303, 797 S.W.2d 704 (1990); *McGuire* v. *State*, 288 Ark. 388, 706 S.W.2d 360 (1986).

■ Appellant additionally argues that the child was not competent to testify. The competency of children to testify is an issue largely within the discretion of the trial judges. They see the witnesses in fine relief and can weigh each witness's manner and demeanor under direct and cross-examination. The relevant criteria for determining competency are: (1) the ability to understand the burden of the oath; (2) an understanding of the consequences of false witness; and (3) the ability to receive and retain impressions so as to impart a reasonably accurate account of what transpired. *Kitchen* v. *State*, 271 Ark. 1, 607 S.W.2d 385 (1980).

■ With this six-year-old, as might be expected, some questions went unanswered and there were some discrepancies in her responses. She had difficulty explaining the consequences of not telling the truth, but children often understand concepts they cannot fully articulate. Her testimony as a whole demonstrated an adequate understanding of the difference between truth and falsehood, and she showed an allegiance to truth. We cannot say that the trial court abused its discretion. *See Jackson* v. *State*, 290 Ark. 375, 720 S.W.2d 282 (1986).

Appellant contends the trial court erroneously admitted hearsay evidence by allowing the child's mother to testify about a statement her daughter made to her. The issue came about as follows. The mother left her daughter with appellant one evening while she and her husband visited friends. When she came home around midnight the child was asleep. The girl never fully awoke,

and the next morning when she got up she came to her mother and said, "Mama, do you know what Gary did to me last night? He stuck his tongue in my mouth and his finger in my noo-noo," referring to her vagina. The trial court admitted the testimony as an excited utterance. A.R.E. Rule 803(2).

In *Smith* v. *State*, 303 Ark. 524, 798 S.W.2d 94 (1990), we upheld the admission of a similar utterance under Rule 803(2), noting that it must be spontaneous, excited, or impulsive, rather than the product of reflection and deliberation. Similarly, in *Cole* v. *State*, 307 Ark. 41, 818 S.W.2d 573 (1991), we upheld the admission of a statement made the morning after an alleged sexual molestation of a retarded twenty-three year-old victim having the mental capacity of a six- or-seven-year-old as an excited utterance.

Here, the utterance appeared to be entirely spontaneous. It seems to have been the first conscious thought expressed by the child when she awoke the next morning. Indeed, the very words — "Mama, do you know what Gary did to me last night?" — bespeak the child's heightened state of excitement. It is for the trial court to determine whether the statement was made under the stress of excitement. *Marx* v. *State* 291 Ark. 325, 724 S.W.2d 456 (1987).

As to the timing, we have said:

> The interval between a statement and an event is governed by the particular circumstances of each case. D. Binder, *Hearsay Handbook* § 2.03 (1983). "The general rule is that an utterance following an exciting event must be made soon enough thereafter that it can reasonably be considered a product of the stress of the excitement, rather than of intervening reflection or deliberation." *Id.* "The trend is toward expansion of the time interval after an exciting event and some courts are more liberal in expanding the time period following an exciting event when the declarant is a child." *Id.*

*Smith*, 303 Ark. at 530, 798 S.W.2d at 97.

We cannot say that the trial court abused its discretion in ruling that the child's statement was admissible as an excited utterance.

■ Appellant objected to the trial court's cautionary instruction to the jury that the evidence of the defendant's prior crimes was not admitted to prove the character of the defendant or to show that he acted in conformity therewith, but was admitted for the limited purpose of determining any motive, plan, or intent the defendant may have had pertaining to the alleged offense in this case. He contends that the jury could not possibly grasp the distinction between evidence admitted to prove guilt and evidence admitted to prove similarities in motive, plan, or intent. The distinction may involve a fine line, but we are not persuaded it is beyond comprehension. Appellant has cited no authority for this point, and our cases hold that the cautionary instruction should be given. *George* v. *State*, 306 Ark. 360, 813 S.W.2d 792 (1991); *Young* v. *State*, 296 Ark. 394, 757 S.W.2d 544 (1988).

■ Appellant maintains the trial court erred by instructing the jury, in accordance with AMCI 203, that evidence of a witness's prior convictions may be considered by the jury for the purpose of judging the credibility of the witness, but not as evidence of the guilt of the accused. However, the instruction pertained not to appellant, who did not testify, but to a witness for the State who had been convicted of a felony. Appellant has not demonstrated how the court erred in so instructing the jury. *Starr* v. *State*, 297 Ark. 26, 759 S.W.2d 535 (1988); *Hines* v. *State*, 289 Ark. 50, 709 S.W.2d 65 (1986).

Reversed and remanded for a new trial.