## ORKIN EXTERMINATING CO. *v.* WHEELING PIPELINE, INC.

78-5                                567 S.W. 2d 117

Opinion delivered June 19, 1978
(In Banc)

*Floyd M. Thomas, Jr.,* of: *Brown, Compton & Prewett, Ltd.,* for appellant.

*Shackleford, Shackleford & Phillips,* for appellee.

DARRELL HICKMAN, Justice. Wheeling Pipeline, Inc. sued Orkin Exterminating Company in the Union County Circuit Court for damages caused in a highway accident to a Wheeling Pipeline truck. Wheeling alleged that Orkin was liable because an employee of Orkin's, Jo M. Walker, negligently caused an accident damaging Wheeling's truck. Orkin denied liability arguing that Walker was not acting within the scope of his employment at the time of the accident.

The case was submitted to the jury and a verdict was returned in favor of Wheeling for $23,400.00. Orkin, on appeal, alleges three errors, two of which have merit, requiring reversal of the judgment.

First the facts. Walker was a combination salesman for Orkin in that he sold both services and products and serviced customers. He was a resident of El Dorado and worked out of Orkin's district office located there. Orkin's El Dorado office covered a district that included the following south Arkansas counties: Ashley, Columbia, Calhoun, Nevada, Ouachita, Union and a portion of Bradley. Walker's area of assignment varied, but on the day in question his territory included the cities of Hampton, Camden and part of El Dorado.

Walker was paid $600 per month, which was a draw toward commissions he might earn, and he was allotted $100 a month as a car expense. Walker drove his own pickup truck with removable signs bearing the Orkin logo on the doors.

On the morning of June 15, 1976, Walker attended an Orkin sales meeting in El Dorado. He left that meeting and his whereabouts and business are unknown until he arrived at McGehee in Desha County — outside his area and the Orkin El Dorado district. All of the evidence reflects that his visit to McGehee was a personal visit. He arrived just before noon to see a friend and former supervisor named James

Thomas who was the manager of Evans Pest Control in McGehee.

According to Thomas it was purely a personal visit and did not involve any business on behalf of Orkin. Thomas testified that they went to his home for lunch where they had one beer each and returned to the office. Thomas said that in addition to visiting as old friends, Walker made inquiries about possible employment with Evans Pest Control. Thomas said that when Walker left he said he had one or more appointments in Hampton and an appointment in Camden at about six o'clock. He said Walker left about 4:00 p.m.

A secretary for Thomas said that Walker mentioned that he had a couple of calls to make. Walker had not called the El Dorado office that day as he was required to do at 10:00 a.m., 2:00 p.m., and 4:00 p.m.

Over four miles south of the city limits of Hampton on Highway 167, which is a main thoroughfare leading from Hampton to El Dorado, the accident occurred. The driver of the Wheeling truck said that Walker's vehicle crossed the center line causing the accident. The Arkansas state policeman testified he received a call on the accident about 5:00 p.m. His report corroborated the Wheeling truck driver's version of the accident. Walker was killed in the collision. There was testimony that Walker's body smelled of liquor. However, there were no liquor containers found in or about Walker's vehicle and no blood-alcohol test was made.

A Hampton resident testified that she had made an appointment with Orkin for services on the day of the accident and was told that a representative would be there that afternoon. There was no specified time for the appointment and the witness testified that she remained home, but a representative of Orkin never arrived.

An Arkansas state highway map was introduced into evidence. It reflects that the most direct route from Hampton to El Dorado is Highway 167; the most direct route from Hampton to Camden is Highway 4, which proceeds west

from Hampton to Camden. The accident occurred south of the highway leading to Camden, south of the city limits of Hampton, and, obviously, past the residence of the witness who testified that she was supposed to have had an appointment with an Orkin representative that day.

In other words, the only logical conclusion that can be drawn from these facts is that Walker was beyond Hampton, a place where he said he had an appointment later that day. He was undoubtedly heading in a direction towards his home in El Dorado.

The appellee argues, and it is speculation, that Walker perhaps had a call to make south of the city limits of Hampton, which he intended to make, return to Hampton and then go on to Camden. This is speculation because there is no evidence to support this supposition.

This brings us to the legal issues. The trial court, finding that it was a fact question as to whether Walker was within the scope of his employment at the time of the accident, instructed the jury that it could consider the signs on Walker's vehicle and the $100 expense money in deciding if Walker was within the scope of his employment at the time of the accident. The appellant argues that this was an erroneous instruction which amounts to a comment on the evidence. We agree. The instruction given by the court was a modification of AMI 2d 703. AMI 2d 703 is only proper when the vehicle driven by an employee is owned by the employer. It provides that if a regular employee is driving a vehicle owned by the employer, then that is a fact which may be considered in deciding if the employee was within the scope of his employment at the time of the accident. Such an instruction is not applicable to the case where the employee, in fact, owns the vehicle, is paid expense money and may have signs of the employer displayed on the vehicle. Consequently, it was error for the court to give this instruction, since it commented or called attention to a particular piece of evidence. Art. 7, § 23, Ark. Const.; see also, Comment, AMI 2d 703 (1974); *Steel Erectors, Inc.* v. *Lee,* 253 Ark. 151, 484 S.W. 2d 874 (1972).

The more difficult question concerns the deviation by an employee from the scope of his employment.

Undoubtedly Walker had deviated from the scope of his employment by going to McGehee on a personal visit — a location outside his sales district.

The question is, was there substantial evidence to show that Walker had returned to the scope of his employment at the time of the accident? If he was acting in furtherance of his employer's interest at the time of the accident, and was not still engaged in an exclusively personal act, then he was within the scope of his employment. *Reserve Life Insurance Co. v. Hall*, 246 Ark. 186, 437 S.W. 2d 226 (1969). We find that there was no such evidence.

The only evidence presented on this issue is that Walker had business in Hampton and Camden. There was no evidence presented that he had engaged in any business on behalf of his employer after he left McGehee. In fact, the evidence is to the contrary. He was beyond Hampton on a highway which would carry him home and beyond a highway which would carry him to Camden. Anything beyond these facts would be speculation. In other words, there is no evidence of any substantial nature that can be used to justify finding that Walker was acting in the interest of his employer at the time of the accident. It might be different if the accident occurred between McGehee and Hampton, but that is not the case.

In a similar case we found that a fact question was presented when an employee had deviated from his route, performed his personal business, and testified he was enroute to deliver some goods for his employer when the accident occurred. Based on the evidence in that case we decided that the jury could have found the employee was acting in furtherance of his employer's interest at the time of the accident. *Nipper v. Brandon Co.*, 262 Ark. 17, 553 S.W. 2d 27 (1977).

In this case there is no evidence to show that Walker had resumed his duties as an employee. The appellee argues that the accident occurred in an area where Walker could have sold services or goods or acted on behalf of Orkin. However, the question is not was a given act done during the existence

of an employment but whether it was done while carrying out the object and purpose of the employer's business. *Van Dalsen v. Inman,* 238 Ark. 237, 379 S.W. 2d 261 (1964).

In this situation the burden was on the appellee to offer substantial evidence that at the time of the accident Walker was acting within the scope of his employment. *Reserve Life Ins. Co. v. Hall, supra.* The only evidence in the record is that Walker had deviated from his employment. There is no substantial evidence to show that he had returned to the scope of his employment at the time of the accident.

The improper instruction and the lack of substantial evidence require reversal. However, we will not dismiss the case because we cannot say that a deficiency of proof could not be supplied upon a retrial. *Woodward v. Blythe,* 246 Ark. 791, 439 S.W. 2d 919 (1969).

The appellant also argues that the statements made by Walker as to his intended journey were irrelevant to the issue of scope of employment and should have been excluded. We find no merit to this argument. We mention this only because it will likely occur on retrial.

Reversed and remanded.