Larry R. WILLIAMS

v.

NATKIN & COMPANY; Natkin Service Company; Natkin Manufacturing and Engineering Corporation; and Arkansas Mechanical Contractors, Inc.

No. J–C–78–100.

United States District Court,
E. D. Arkansas,
Jonesboro Division.

March 2, 1981.

J. Courtney Wilson, New Orleans, La., and Lynn-Marie Crider, Youngdahl, Larrison & Agee, Little Rock, Ark., for plaintiff.

G. D. Walker, Frierson, Walker, Snellgrove & Laser, Jonesboro, Ark., for Natkin & Co. and Natkin Service Co.

Rita W. Gruber, Thurman & Capps, Ltd., North Little Rock, Ark., for Arkansas Mechanical Contractors.

## MEMORANDUM OPINION

ROY, District Judge.

The instant cause of action was filed against Natkin and Company, Natkin Service Company and Natkin Manufacturing and Engineering Corporation (hereafter commonly as "Natkin") in August of 1978. The following year, apparently fearful that he had sued the wrong parties, plaintiff filed an Amended Complaint which brought in Arkansas Mechanical Contractors, Inc. (AMC).

The plaintiff, who was working for Harrison Electrical Constructors, alleges that a welder, an employee either of one of the Natkin companies or of AMC, stuffed paper into the ends of a pipe he was welding,

filled the pipe with acetylene gas from his welding rig and caused the gas to explode. This action was, according to the plaintiff, either a practical joke or harassment directed at him for not being a union member. Plaintiff claims that the explosion caused him to contract a rash, ringing and deafness in both ears, nausea and dizziness.

The defendants have filed motions for summary judgment. The grounds therefor are as follows: The defendants claim that no company of the name of Natkin Manufacturing and Engineering Corporation exists. The Natkin defendants claim that Natkin Service Company did not have any workers in the area where the incident occurred and that, assuming that the perpetrator of the deed was an employee of one of the Natkin companies, no Natkin employee was authorized to use acetylene gas for any purpose other than the cutting of steel, nor did Natkin have any interest in any union activity of its employees or other employees. Natkin attached an affidavit to that effect to its Motion for Summary Judgment.

AMC filed a Motion for Summary Judgment with identical allegations and incorporated by reference the citations of authority in the Natkin brief. AMC also attached an affidavit by the president of AMC wherein he stated that he was unable to locate any AMC employee who had any knowledge or information concerning the incident and, further, that no AMC employee was authorized to use acetylene gas for any purpose other than cutting steel in preparation for welding. Also, all employees were strictly forbidden to engage in any use of acetylene gas which might produce any type of explosion or for practical jokes. The AMC affidavit also states that AMC had no interest in any union activities of its own employees or the employees of others.

To the Natkin Motion, plaintiff responded with a lengthy brief and an affidavit of the plaintiff in which he stated:

1. That he is the plaintiff in the case of Larry R. Williams v. Natkin & Company, et al., J–C–78–100, United States District Court, Eastern District of Arkansas, Jonesboro Division.

2. That at the time of the explosion of acetylene gas, there were four or five employees of defendant Natkin or Arkansas Mechanical present, and that one of these employees was a foreman or superintendent.

To the AMC Motion, plaintiff briefly responded by incorporating by reference his previous citations of authority. In addition, attached to plaintiff's response to the AMC Motion, was an affidavit by the plaintiff's attorney, wherein he stated that he:

> . . . spoke by telephone with Jodie Ferrell [a purported witness to the incident] who stated that the people responsible for setting the blast off appear to be employees of Arkansas Mechanical Contractors but that he could not remember their names.

The affidavit in response to the AMC Motion for Summary Judgment is obviously hearsay. Rule 56(e) of the Federal Rules of Civil Procedure states:

> Supporting and opposing affidavits shall be on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The Court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

See also *Mapco, Inc. v. Carter*, 573 F.2d 1268 (Em.App.1978), *cert. denied*, 437 U.S. 904, 98 S.Ct. 3090, 57 L.Ed.2d 1134 (1978); *Person v. United States*, 112 F.2d 1 (8th Cir. 1940), *cert. denied*, 311 U.S. 672, 61 S.Ct. 35,

85 S.Ct. 432 (1940); *Transo Envelope Co. v. Murray Envelope Co.*, 227 F.Supp. 240 (D.N. J.1964).

■ Clearly, the matter in the affidavit of plaintiff's counsel is not within his personal knowledge. Therefore, the Court will not consider the affidavit of plaintiff's attorney, and defendant AMC's Motion to Strike the affidavit shall be granted.

"The very mission of the summary judgment procedure is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." (Commentary to 1963 amendment to rule 56(e) of the Federal Rules of Civil Procedure). The plaintiff has offered no evidence to contradict the affidavits of the defendants on the issue of supervision and company policy. Both defendants' affidavits show that their employees were forbidden to use acetylene gas for any purpose other than cutting steel.

On that point, it has been well settled in Arkansas law since the landmark case of *Sweeden v. Atkinson Imp. Co.*, 93 Ark. 397, 125 S.W. 439, 27 L.R.A., N.S., 124 (1910), that an act of an employee, in order to render the employer liable, must pertain to something that is incident to the employee's duties and which it is his duty to perform or for the benefit of the employer. As stated in *United Transport v. Wilson*, 228 Ark. 1058, 312 S.W.2d 191, 192 (1958):

> By no stretch of the imagination can we see how any of these acts tended in any way to promote the interest of [the employer]. The mere fact that Ernest was, at the time, an employee of appellant is not decisive of the question in favor of appellee. The acts of Ernest which caused the injury complained of must have been in the discharge of a duty he owed his master before appellant here would be responsible.

Further, the Supreme Court of Arkansas stated in *Orkin Exterminating Co. v. Wheeling Pipeline*, 263 Ark. 711, 567 S.W.2d 117, 119 (1978):

> If [the employee] was acting in furtherance of his employer's interest at the time of the accident, and was not still

engaged in an exclusively personal act, then he was within the scope of his employment. *Reserve Life Insurance Co. v. Hall*, 246 Ark. 186, 437 S.W.2d 226 (1969).

The Court went on to say:

However, the question is not was a given act done during the existence of an employment but whether it was done while carrying out the object and purpose of the employer's business. *Van Dalsen v. Inman*, 238 Ark. 237, 379 S.W.2d 261 (1964).

> In this situation, the burden was on the appellee to offer substantial evidence that at the time of the accident Walker was acting within the scope of his employment. *Reserve Life Ins. Co. v. Hall, supra*, 567 S.W.2d at 120.

In addition, the fact that a supervisor might have been present is not significant. *Arkansas Natural Gas Co. v. Lee*, 115 Ark. 288, 171 S.W. 93 (1914).

■ Based on the affidavits of the defendants, this Court must conclude that, assuming that the incident complained of actually occurred, the employee setting off the explosion with acetylene gas, whether employed by Natkin or AMC, had temporarily abandoned the interests of his employer and was acting in a purely personal manner and contrary to the policy and instructions of his employer. In addition, the plaintiff has failed to show that the mischievous employee had a history of such behavior. Indeed, plaintiff does not know the identity of the employee nor, beyond pure speculation, who his employer was.

Regardless of which of the defendants, if any, employed the offending individual, the act of that individual in no way could be construed as having been in the discharge of a duty owed to the employer, nor incident to such duty. Therefore, there is no genuine issue as to any material fact, and the defendants are entitled to summary judgment as a matter of law. The Motion for Summary Judgment filed herein by each of the defendants is granted, and the Complaint of the plaintiff, as to these corporate defendants is dismissed, with prejudice.