1 F.3d 438
 Everette CHANCELLOR, by his guardians Willie J. CHANCELLOR
and Rosa V. Chancellor, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant/Third-Party Plaintiff-Appellee,
Dennis L. Dunlap; Sue Ann Jones, Third-Party Defendants.
 No. 92-6567.
 United States Court of Appeals,
Sixth Circuit.
 Submitted May 18, 1993.
Decided Aug. 2, 1993.
 
 Michael R. Greene (briefed), Fischer, Thomas, Brophy & Shake, Louisville, KY, for plaintiff-appellant.
 James H. Barr, Asst. U.S. Atty. (briefed), Office of the U.S. Atty., Louisville, KY, for defendant-appellee.
 Before: GUY and NELSON, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an action brought under the Federal Tort Claims Act (FTCA) by a young boy, Everette Chancellor, who was bitten by a dog. The incident occurred inside the apartment of the dog's owner, Sgt. Dennis Dunlap, who was a soldier living on the base at Ft. Knox, Kentucky.
 
 
 2
 The United States could be liable under the FTCA only if Dunlap, in keeping the dog, committed a negligent or wrongful act while "acting within the scope of his ... employment." 28 U.S.C. Sec. 1346(b). There have been other very similar dog bite cases brought under the FTCA. The circuits are not in agreement as to the proper result. We join with those circuits which conclude under these circumstances that there is no FTCA liability.
 
 
 3
 We affirm the bench trial judgment in favor of the United States on the basis of the written opinion filed by Judge Meredith. We write additionally only because this is a case of first impression in this circuit.
 
 I.
 
 4
 The findings of fact made by the district judge have not been challenged on appeal, and we set forth those necessary to provide the factual setting for this incident:
 
 
 5
 3. On October 18, 1987, while under the care of a babysitter by the name of Mrs. Sue Ann Jones, the plaintiff was bitten on the face by a dog while in the apartment of Sergeant and Mrs. Dennis Dunlap on the premises of Fort Knox, Kentucky....
 
 
 6
 4. The dog was owned by Sergeant and Mrs. Dunlap, who were both present in the apartment at the time the plaintiff was bitten.
 
 
 7
 5. At the time of the dog bite, the plaintiff was sitting on the living room sofa with the dog and two or three other children. Sergeant Dunlap was also sitting in the living room and told the plaintiff that the dog would not bite him.
 
 
 8
 ....
 
 
 9
 8. The Army Military Police and the Veterinary Clinic were aware of one biting incident involving the Dunlap[s'] dog, Boss, prior to the Chancellor incident.
 
 
 10
 Chancellor's parents filed an administrative claim for damages against the United States as is required by the FTCA. The claim was denied and this suit was instituted. Although plaintiffs' complaint is somewhat general, it appears that two primary theories of recovery were advanced against the United States: (1) derivative liability based upon a negligent or wrong act or omission on the part of Sgt. Dunlap while he was acting within the scope of his employment; and (2) strict liability imposed by Kentucky statute upon the owner of a dog that has injured someone.
 
 II.
 Derivative Liability
 
 11
 Plaintiffs' theory of derivative liability is lifted directly from Lutz v. United States, 685 F.2d 1178 (9th Cir.1982). In Lutz, a dog bite case similar to this one, the court held that because there was an Air Force regulation requiring airmen to control their pets on the base the airman was acting within the scope of his employment when he failed to properly control his dog. A similar Army regulation exists in this case.[1]
 
 
 12
 No other circuit has adopted this analysis. In Nelson v. United States, 838 F.2d 1280 (D.C.Cir.1988), the court expressly declined to follow Lutz. The court stated:
 
 
 13
 We doubt the adequacy of the Lutz rationale. Under Lutz, all duties imposed by military regulation, no matter how trivial, could fall within the serviceman's line of duty and thus within the employer-employee relationship. In the unique context of life on a military base, however, the government is much like an old-fashioned "company town." Within this multi-faceted relationship, the military imposes many duties on military personnel, not all of which are plausibly viewed as imposed by the government in its role as employer.
 
 
 14
 ... Because such duties, although established by military regulations, do not run to the benefit of the employer and are linked only incidentally with the employment relationship, they cannot be said to be discharged within the scope of employment.
 
 
 15
 Nelson, 838 F.2d at 1283-84.
 
 
 16
 The Eighth Circuit, in a more recent case, also has declined to follow Lutz. In rejecting Lutz, the court concluded:
 
 
 17
 While this case factually resembles the Lutz case, we decline to follow it. Instead, we adopt the reasoning of another similar case, Nelson v. United States, 838 F.2d 1280 (D.C.Cir.1988), where the court held that an owner's failure to control his pet dog did not occur in the line of duty.
 
 
 18
 As a preliminary matter, we observe that the FTCA waives the Government's immunity to suit only for personal injuries caused by government employees acting within the scope of their employment. 28 U.S.C. Sec. 1346(b). Military employees are within the scope of employment when they act in "the line of duty." 28 U.S.C. Sec. 2671. "Line of duty" takes its meaning from the applicable state law of respondeat superior. Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955) (per curiam). Under Arkansas law an employee acts within the scope of employment or in the line of duty when he acts for his employer's benefit or furthers his employer's interest. Orkin Exterminating Co. v. Wheeling Pipeline, Inc., 263 Ark. 711, 567 S.W.2d 117 (1978).
 
 
 19
 Piper v. United States, 887 F.2d 861, 863 (8th Cir.1989).
 
 
 20
 We join the District of Columbia Circuit and the Eighth Circuit in declining to follow Lutz.
 
 III.
 Strict Liability
 
 21
 Under Kentucky law, the owner of a dog is strictly liable for dog bites. Kentucky Revised Statutes section 258.275(1) provides: "Any owner ... of a dog which has ... injured ... any person ... shall be liable to the ... person in a civil action for all damages and costs...."
 
 
 22
 Plaintiffs attempt to implicate the United States under these statutes by reasoning:
 
 
 23
 In the present case, it is beyond question that the United States is the owner of Fort Knox. Furthermore, pursuant to USAARMC Reg 40-12, any resident of Fort Knox is required to receive permission to keep a pet from the base commander. Therefore, the United States clearly falls within the definition of "owner" under state law, as does its employee Sergeant Dunlap.
 
 
 24
 (Pls' Brief at 10).
 
 
 25
 We are unpersuaded by plaintiffs' argument that would make the United States the "owner" of the dog because it was the owner of the army base where the dog was kept.
 
 
 26
 More significantly, however, the Supreme Court has concluded that the United States is not liable under the FTCA for claims grounded in strict liability.
 
 
 27
 This Court's resolution of the strict-liability issue in Dalehite [v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953) ] did not turn on the question of whether the law of Texas or of some other State did or did not recognize strict liability for the conduct of ultrahazardous activities. It turned instead on the question of whether the language of the Federal Tort Claims Act permitted under any circumstances the imposition of liability upon the Government where there had been neither negligence nor wrongful act. The necessary consequence of the Court's holding in Dalehite is that the statutory language "negligent or wrongful act or omission of any employee of the Government," is a uniform federal limitation on the types of acts committed by its employees for which the United States has consented to be sued. Regardless of state law characterization, the Federal Tort Claims Act itself precludes the imposition of liability if there has been no negligence or other form of "misfeasance or nonfeasance," 346 U.S. at 45, 73 S.Ct. at 972, on the part of the Government.
 
 
 28
 Laird v. Nelms, 406 U.S. 797, 798-99, 92 S.Ct. 1899, 1900-01, 32 L.Ed.2d 499 (1972).
 
 AFFIRMED.[2]
 
 
 [1]
 USAARMC Regulations 40-12 4(5) and (7) (1983) provide in relevant part that an animal owner shall "[b]e pecuniarily liable for damage or injury to ... persons ...," and requires that pet owners "[e]nsure that animals remain under their direct supervision and control at all times and that measures are employed to prevent them from attacking personnel...."
 USAARMC Regulation 40-12 6(2) (1983) provides that "a third unprovoked bite will be grounds for removal of the pet from Government property."
 
 
 [2]
 In Nelson, although the D.C. Circuit rejected plaintiff's theory of derivative liability, it did uphold a judgment for the injured plaintiff under a theory of negligence on the part of government security personnel who were well aware of the dog's propensity to bite people. Although plaintiffs in this appeal make no similar direct argument, we state that the facts here show the government was aware of only one previous incident involving this dog, and the factual predicate for liability found in Nelson is absent here