No. 94-3823

Steve Heuton; Dean Nelson;           *
Larry Winans; and Jerry Whitmore,    *
                                     *
        Appellees,                   *
                                     *
                                     *  Appeals from the United States
        v.                           *  District Court for the
                                     *  Northern District of Iowa.
    David W. Anderson,               *
                                     *
        Appellant.                   *


                    Submitted:  October 19, 1995

                    Filed:  January 29, 1996


Before MORRIS SHEPPARD ARNOLD, FLOYD R. GIBSON, and DONALD R. ROSS,
      Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

        David Anderson appeals the district court's orders refusing to
substitute the United States as party defendant and remanding this
defamation case to Iowa state court.  We reverse and remand to the
district court for further proceedings.

**I.**

        The plaintiffs work as meat inspectors for the United States
Department of Agriculture, Food and Safety Inspection Service
("USDA"), and Anderson is their supervisor.  They sued Anderson for
defamation in Iowa state court after he allegedly posted a picture
depicting Heuton as a momma pig and the other plaintiffs as
suckling piglets.

Pursuant to the Westfall Act, 28 U.S.C. § 2679(d) (1994), the United States Attorney General removed the case to federal court, certifying that Anderson was a federal employee acting within the scope of his employment at the time that the offending picture was posted. The Attorney General then asserted that the United States had been substituted as party-defendant by operation of law and moved to dismiss the case. Following an evidentiary hearing, the magistrate agreed that Anderson's conduct, assuming that he indeed engaged in it, fell within the scope of his employment and recommended that the district court substitute the United States as party defendant.

The district court rejected the magistrate's recommendation. Because Anderson denied posting the picture, the court found that neither he nor the United States could maintain that his conduct fell within the scope of his employment. The district court further found that if Anderson did in fact post the picture, his conduct was not within the scope of his employment. The court therefore refused to substitute the United States as party defendant and remanded the case to state court. The district court stayed the remand order pending this appeal.

## II.

In 1988, Congress amended the Federal Tort Claims Act ("FTCA") in order to undo the effect of the Supreme Court's decision in Westfall v. Erwin, 484 U.S. 292 (1988). In Westfall, 484 U.S. at 297-98, the Court held that a federal employee was immune from a state tort action only if the employee was acting within the scope of his employment and the conduct that caused harm was discretionary. The 1988 FTCA amendments, commonly known as the Westfall Act, broaden this immunity, providing that an action against the United States is the only remedy for injuries caused by federal government employees acting within the scope of their

-2-

employment, regardless of whether the conduct in question was discretionary.  Id. § 2679(d)(1).

The Westfall Act also establishes a process frequently called Westfall certification.  After a federal employee is sued in a state court, the Attorney General reviews the case to determine if the employee was acting within the scope of his employment when the allegedly harmful conduct occurred.  Id. § 2679(d)(2).  If the Attorney General certifies that the employee was acting within the scope of his employment, the case is removed to federal court.  The Attorney General then notifies the district court that the United States should be substituted as party defendant for the federal employee.  Id.

Westfall certification does not conclusively establish that the United States should be substituted as party defendant.  Martinez v. Lamagno, --- U.S. ---, 115 S. Ct. 2227, 2236 (1995); Brown v. Armstrong, 949 F.2d 1007, 1011-12 (8th Cir. 1991).  If the plaintiff contravenes a Westfall certificate, the district court must determine whether the defendant was acting within the scope of his employment when the conduct in question occurred.  Martinez, 115 S. Ct. at 2236-37.  If the court finds that the employee was acting outside of the scope of his employment, the court must refuse to substitute the United States.  Id.

### III.
### A.

Anderson maintains that the district court erroneously refused to substitute the United States.  In refusing to do so, the district court relied upon Wood v. United States, 995 U.S. 1122 (1st Cir. 1993) (en banc), which held that, because § 2679(d)(2) of the Westfall Act speaks of an "act" or "incident" that occurred "within the scope of employment", the district court must refuse to

substitute the United States if the Attorney General "den[ies] the occurrence of the basic incident charged."  Id. at 1125-26.

With respect, we believe that the First Circuit's approach is contrary to the language of the Westfall Act.  We agree with the dissenting judges in Wood (and with relevant cases from other courts) that nothing in the Westfall Act gives the district court the authority to refuse to substitute the United States on the ground that either the government or the employee denies the offensive conduct. Wood, 995 F.2d at 1138 (Coffin, dissenting); Kimbro v. Veltan, 30 F.3d 1501, 1508 (D.C. Cir. 1994); Melo v. Hafer, 13 F.3d 736, 746-47 (3d Cir. 1994).  Indeed, we believe that such a ruling undermines the purposes of the Westfall Act.

Congress adopted the Westfall Act to confer immunity on all federal employees acting within the scope of their employment. Because it is illogical to assume that Congress intended to protect guilty employees but desert innocent ones, we decline to follow the holding in Wood that the immunity provided by the Westfall Act is available only when the defendant-employee admits engaging in the harmful conduct.  Furthermore, the Westfall Act allows a defendant-employee to petition the district court for certification and substitution when the Attorney General decides not to certify a case, see 28 U.S.C. § 2679(d)(3), and we find it instructive that this section, unlike § 2679(d)(2), makes no reference to an "act" or "incident."  We again find it implausible that Congress intended to confer greater protection on an employee whose conduct the Attorney General refuses to certify than on an employee whom the Attorney General deems deserving of immunity.

**B.**

The question of whether Anderson was acting within the scope of his employment is governed by Iowa law.  See Brown, 949 F.2d at 1012, n. 7.  In Sandman v. Hagen, 154 N.W.2d 113, 114 (Iowa 1967),

-4-

the Iowa Supreme Court held that an employee acts within the scope of his employment when his "conduct is of the same general nature as that authorized or incidental to the conduct authorized," by the employer; and in Jones v. Blair, 387 N.W.2d 349, 355 (Iowa 1986), the court stated that an employee acts within the scope of his employment "when the employer has the right to direct the means and manner of doing the work, and has the right of control over the employee." The district court believed that Jones was inapplicable because it found that it applied only in cases where an employee seeks a judgment against his employer based on the doctrine of respondeat superior. The court therefore relied on Sandman in finding that even if Anderson posted the picture, his conduct was not within the scope of his employment. The court reasoned that posting a picture like the one involved in this case was neither "authorized" nor "incidental to conduct authorized" by the USDA. Sandman, 154 N.W.2d at 114.

It is true that all the evidence in the record indicates that posting the picture was unquestionably prohibited by the USDA, but that does not mean that the act was necessarily outside of the scope of Anderson's employment. In fact, by prohibiting Anderson from posting insulting pictures of his subordinates, the USDA asserted the right to "direct the means and manner of doing the work," and "the right of control over the employee." Jones, 387 N.W.2d at 355. Furthermore, Sandman indicates that conduct "in excess of the powers actually conferred on the servant" may fall within the scope of the employee's employment if the "act is necessary to accomplish the purpose of the employment and is intended for such purpose." Id. at 117. Determining whether unauthorized conduct falls within the scope of employment, therefore, involves a subjective inquiry into the employee's intent.

We believe that if Anderson posted the picture he could well have been acting within the scope of his employment under either Jones or Sandman. The USDA Supervisor's Personnel Handbook indicates that Anderson's duties included communicating with, evaluating, and disciplining the plaintiffs. At the evidentiary hearing before the magistrate, Anderson's supervisor, Dr. Dores Ross, testified that Anderson had previously informed the plaintiffs that their work was sub-par and that they needed to carry out their duties more diligently. Anderson was particularly concerned that the plaintiffs were defying his orders to stop understaffing the meat inspection line, a practice that violated USDA guidelines. Although the precise message conveyed by the picture is unclear, images of pigs generally connote sloppiness or slothfulness. The picture could therefore have been a disciplinary measure or, alternatively, a means of communicating Anderson's official disapproval of the plaintiffs' performance.

In the instant case, however, the trial court did not undertake the subjective inquiry necessary to determine whether Anderson was acting within the scope of his employment. Indeed, there was no finding even as to whether Anderson was responsible for posting the picture. In disputed cases such as this, we agree with the Wood dissenters (and with other circuits) that the district court must conduct an evidentiary hearing to determine all the facts relevant to the immunity question. Wood, 995 F.2d at 1134, 1138 (Coffin, dissenting); Kimbro, 30 F.3d at 1509; Melo, 13 F.3d at 747. The Attorney General's certification acts as prima facie evidence that Anderson's conduct was within the scope of his employment. Therefore, at the evidentiary hearing, the plaintiffs bear the burden of proving that Anderson was not acting within the scope of his employment. Brown, 949 F.2d at 1012.

If the district court finds that Anderson did not post the picture, then he was at all times properly acting within his role

as supervisor and he is entitled to have the United States substituted as party defendant. If it finds that he posted the picture to discipline the plaintiffs or comment officially on their performance, then his conduct, albeit improper, was "incidental to the conduct authorized" for supervisors, Sandman, 154 N.W.2d at 114, and the court must also substitute the United States. In either instance, the case must be dismissed because the Federal Tort Claims Act precludes suits against the United States for defamation. 28 U.S.C. § 2680(h). If, on the other hand, the court finds that Anderson posted the picture for reasons unrelated to a desire to do his job as the plaintiffs' supervisor, then it must decide whether it ought to remand the case to state court or proceed to try the matter itself. This is a question reserved by the Supreme Court in Martinez, and as to it we express no view, it not being properly before us at this time.

**IV**

For the forgoing reasons, we vacate the order remanding the case to Iowa state court, and remand the case to the district court for proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-