**James W. LAWSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 96–1887.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 10, 1996.

Decided Dec. 24, 1996.

Jeffrey A. Weber, Little Rock, AR, for appellant.

Matthew W. Fleming, Assistant U.S. Attorney, Fort Smith, AR, for appellee.

Before WOLLMAN, BRIGHT and MURPHY, Circuit Judges.

WOLLMAN, Circuit Judge.

James Lawson appeals from the district

court's [1] order granting the government's motions to substitute the United States as the named defendant and to dismiss. We affirm.

Lawson is an administrative law judge in the Fort Smith, Arkansas, office of the Social Security Administration, Office of Hearings and Appeals. Two employees of that office wrote a letter complaining about Lawson's job performance and sent it to the chief administrative law judge presiding over a case involving Lawson that was pending before the Merit Systems Protection Board. Copies of this letter were also sent to various government officials. Lawson sued the two employees in Arkansas state court alleging that certain statements in the letter were libelous.

The United States Attorney for the Western District of Arkansas certified that the employees' actions were taken within the scope of their employment, removed the case to the district court, and moved to substitute the United States as the named defendant. *See* 28 U.S.C. § 2679(d). The government also moved to dismiss the lawsuit on the ground that the United States has not waived its sovereign immunity for claims of libel. *See* 28 U.S.C. § 2680(h). Following a hearing, the district court granted the government's motions and dismissed Lawson's suit.

■ On appeal, Lawson objects to the district court's substitution of the United States as the named defendant, arguing that the two employees were not acting within the scope of their employment when they wrote and sent the letter. Lawson does not object to the ultimate dismissal of the United States under 28 U.S.C. § 2680(h).

■ To substitute the United States as the named defendant pursuant to the Westfall Act, the Attorney General must certify that the named individual defendants were acting within the scope of their employment with regard to the conduct forming the basis of the lawsuit. *See* 28 U.S.C. § 2679(d)(2); *Heuton v. Anderson,* 75 F.3d 357, 359–60

(8th Cir.1996). The plaintiff is free to challenge this certification, but bears the burden of coming forward with specific facts rebutting the certification. *See Anthony v. Runyon,* 76 F.3d 210, 214–15 (8th Cir.1996); *Heuton,* 75 F.3d at 360; *Brown v. Armstrong,* 949 F.2d 1007, 1012 (8th Cir.1991). State law determines whether the employees were acting within the scope of their employment. *See Heuton,* 75 F.3d at 360; *Brown,* 949 F.2d at 1012 n. 7.[2] We review the scope-of-employment determination de novo. *See McAdams v. Reno,* 64 F.3d 1137, 1144 (8th Cir.1995).

■ Under Arkansas law, an employee "acts within the scope of employment or in the line of duty when he acts for his employer's benefit or furthers his employer's interest." *Piper v. United States,* 887 F.2d 861, 863 (8th Cir.1989) (citing *Orkin Exterminating Co. v. Wheeling Pipeline Inc.,* 263 Ark. 711, 567 S.W.2d 117, 119 (1978)). The Arkansas Supreme Court has also stated that whether the employee is acting within the scope of employment is dependent upon whether "the subject individual is carrying out the object and purpose of the enterprise, as opposed to acting exclusively in his own interest." *Razorback Cab of Fort Smith, Inc. v. Lingo,* 304 Ark. 323, 802 S.W.2d 444, 446 (1991); *see J.B. Hunt Transport, Inc. v. Doss,* 320 Ark. 660, 899 S.W.2d 464, 469 (1995) (citing *Razorback Cab* ).

We agree with the district court that by attempting to report Lawson's alleged job-related improprieties, the two employees were not acting exclusively in their own interest but were acting for the benefit of the Social Security Administration and furthering its purpose. Because the two employees were acting within the scope of their employment, the United States was properly substituted as the named defendant.

The judgment is affirmed.

---

**1.** The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

**2.** Lawson relies on *Haddon v. United States,* 68 F.3d 1420 (D.C.Cir.1995), as support for his scope-of-employment argument. Not only is this case factually distinguishable, it involves District of Columbia law. *Id.* at 1423.