_____

No. 96-1887
_____

James W. Lawson,                  *
                                  *
          Appellant,              *
                                  *   Appeal from the United States
     v.                           *   District Court for the
                                  *   Western District of Arkansas.
United States of America,         *
                                  *
          Appellee.               *

_____

          Submitted:  December 10, 1996

            Filed:  December 24, 1996
_____

Before WOLLMAN, BRIGHT, and MURPHY, Circuit Judges.
_____


WOLLMAN, Circuit Judge.


     James Lawson appeals from the district court's[1] order granting the government's motions to substitute the United States as the named defendant and to dismiss.  We affirm.


     Lawson is an administrative law judge in the Fort Smith, Arkansas, office of the Social Security Administration, Office of Hearings and Appeals.  Two employees of that office wrote a letter complaining about Lawson's job performance and sent it to the chief administrative law judge presiding over a case involving Lawson that was pending before the Merit Systems Protection Board.  Copies of this letter were also sent to various government officials. Lawson sued the two employees in Arkansas state court alleging that certain statements in the letter were libelous.

_____

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

The United States Attorney for the Western District of Arkansas certified that the employees' actions were taken within the scope of their employment, removed the case to the district court, and moved to substitute the United States as the named defendant. See 28 U.S.C. § 2679(d). The government also moved to dismiss the lawsuit on the ground that the United States has not waived its sovereign immunity for claims of libel. See 28 U.S.C. § 2680(h). Following a hearing, the district court granted the government's motions and dismissed Lawson's suit.

On appeal, Lawson objects to the district court's substitution of the United States as the named defendant, arguing that the two employees were not acting within the scope of their employment when they wrote and sent the letter. Lawson does not object to the ultimate dismissal of the United States under 28 U.S.C. § 2680(h).

To substitute the United States as the named defendant pursuant to the Westfall Act, the Attorney General must certify that the named individual defendants were acting within the scope of their employment with regard to the conduct forming the basis of the lawsuit. See 28 U.S.C. § 2679(d)(2); Heuton v. Anderson, 75 F.3d 357, 359-60 (8th Cir. 1996). The plaintiff is free to challenge this certification, but bears the burden of coming forward with specific facts rebutting the certification. See Anthony v. Runyon, 76 F.3d 210, 214-15 (8th Cir. 1996); Heuton, 75 F.3d at 360; Brown v. Armstrong, 949 F.2d 1007, 1012 (8th Cir. 1991). State law determines whether the employees were acting within the scope of their employment. See Heuton, 75 F.3d at 360; Brown, 949 F.2d at 1012 n.7.[2] We review the scope-of-employment determination de novo. See McAdams v. Reno, 64 F.3d 1137, 1144 (8th Cir. 1995).

_____

[2]Lawson relies on Haddon v. United States, 68 F.3d 1420 (D.C. Cir. 1995), as support for his scope-of-employment argument. Not only is this case factually distinguishable, it involves District of Columbia law. Id. at 1423.

Under Arkansas law, an employee "acts within the scope of employment or in the line of duty when he acts for his employer's benefit or furthers his employer's interest." _Piper v. United States_, 887 F.2d 861, 863 (8th Cir. 1989) (citing _Orkin Exterminating Co. v. Wheeling Pipeline Inc._, 567 S.W.2d 117, 119 (Ark. 1978)).  The Arkansas Supreme Court has also stated that whether the employee is acting within the scope of employment is dependent upon whether "the subject individual is carrying out the object and purpose of the enterprise, as opposed to acting exclusively in his own interest." _Razorback Cab of Fort Smith, Inc. v. Lingo_, 802 S.W.2d 444, 446 (Ark. 1991); _see_ _J.B. Hunt Transport, Inc. v. Doss_, 899 S.W.2d 464, 469 (Ark. 1995) (citing _Razorback Cab_).

We agree with the district court that by attempting to report Lawson's alleged job-related improprieties, the two employees were not acting exclusively in their own interest but were acting for the benefit of the Social Security Administration and furthering its purpose.  Because the two employees were acting within the scope of their employment, the United States was properly substituted as the named defendant.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.