# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3788

_____

Peggy L. Mathis, Albert S. Mathis,     *
                           *

           Appellees,     *

                           *

      v.     *

                           *

William Henderson, in his official     *    Appeal from the United States
capacity as United States Postmaster     *    District Court for the
General, United States Postal Service,     *    Eastern District of Arkansas.
                           *

           Defendant,     *

                           *

Wayne Dick, United States of     *
America,     *

                           *

           Appellants.     *

_____

Submitted: November 15, 2000

Filed: March 14, 2001
_____

Before BOWMAN, FAGG, and BEAM, Circuit Judges.
_____

BOWMAN, Circuit Judge.

The United States and Wayne Dick appeal from orders of the District Court that affect Dick's immunity from suit in this case. We reverse and remand to the District Court.

I.

Peggy Mathis, a former employee of the United States Postal Service (USPS), and her husband brought suit against the United States Postmaster General; the USPS; and Wayne Dick, Peggy Mathis's former USPS supervisor.[1] She alleged employment discrimination (sexual harassment and retaliation) in violation of Title VII, 42 U.S.C. §§ 2000e to 2000e-17 (1994 & Supp. IV 1998); violation of her rights under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (1994 & Supp. IV 1998); breach of implied contract; and a number of other state statutory and common law claims, including loss of consortium. The United States Attorney for the Eastern District of Arkansas, acting pursuant to the provisions of the Westfall Act, certified that Dick was acting within the scope of his employment at the time of all the incidents alleged in Mathis's complaint.[2] The government then moved to substitute the United States on Mathis's claims against Dick individually, thereby converting them to claims under the Federal Tort Claims Act (FTCA).

But "Westfall certification does not conclusively establish that the United States should be substituted as party defendant." Heuton v. Anderson, 75 F.3d 357, 360 (8th

---

[1] For the sake of simplicity, we will refer to the plaintiffs-appellees as if Peggy Mathis were the sole appellee, and to the defendants who are also appellants (the United States and Dick) as the United States or the government when we are referring to them jointly in their capacity as appellants.

[2] The Westfall Act amended the Federal Tort Claims Act in 1988 in response to Westfall v. Erwin, 484 U.S. 292 (1988), wherein the Supreme Court held that a federal employee could be immune from suit individually only if the actionable conduct was discretionary and within the scope of his employment. See Heuton v. Anderson, 75 F.3d 357, 359 (8th Cir. 1996). The Act eliminated the requirement that the employee's actions be discretionary and provides that, upon certification by the Attorney General that the defendant employee was acting within the scope of his employment, the United States shall be substituted as defendant. 28 U.S.C. § 2679(d) (1994).

Cir. 1996). Here, Mathis challenged the certification, with the burden upon her to prove that Dick was not acting within the scope of his employment at the time of the alleged incidents. See Lawson v. United States, 103 F.3d 59, 60 (8th Cir. 1996) (burden of proof). The District Court first concluded that Mathis had not met her burden, but gave her another opportunity to do so. After reviewing Mathis's subsequent filings, the court determined that Dick was acting outside the scope of his employment, as defined by Arkansas law, at the time of the alleged conduct that supported some of Mathis's claims, and so the court declined to substitute the United States on those claims (but did not specifically identify which claims they were). As for the behavior that the court determined was properly certified, the District Court dismissed the related claims (again, without saying which claims were dismissed) for failure to exhaust administrative remedies under the FTCA, the time for doing so having passed. The court also held, despite arguments of the defendants to the contrary, that Title VII was not the exclusive remedy for the remaining claims against Dick individually.

The United States appeals, contending that Title VII is indeed the exclusive remedy for the injuries that Mathis alleges as resulting from the de-certified conduct. In the alternative, the government seeks reversal of the District Court's decision that some of Dick's actions alleged in the suit were outside the scope of his employment. Either way, the government wants the state-law claims against Dick in his individual capacity dismissed.

II.

As an initial matter, Mathis challenges our jurisdiction to hear the government's appeal. After the United States filed its notice of appeal in the District Court, Mathis filed an "answer" in that court in which she maintained that the notice of appeal was untimely because it was filed more than ten days after entry of the District Court's final order on the scope-of-employment issue. Mathis argues to this Court that the appeal

is "premature" because "no ruling has been made by the District Court" on the timeliness issue raised in Mathis's answer. Br. of Appellees at 10.

District courts do not determine whether this Court has jurisdiction over an appeal. Therefore, the question of whether the government's notice of appeal was timely filed should not have been presented to the District Court in the first instance, and it is of no consequence that the court has not ruled on an issue that is not properly before it. In any event, it appears Mathis is wrong on the merits, as the United States had sixty days to file its notice of appeal with the District Court, Fed. R. App. P. 4(a)(1)(B), and did so well within that time.

In her brief, as the caption for the jurisdictional argument, Mathis also states, "This Court's jurisdiction over an appeal from an Order overturning a scope certification is premature." Br. of Appellees at 9. She does not elaborate further, but the government has taken this language to mean that Mathis is challenging the collateral nature of the appeal. As we have explained, albeit in dictum, but in agreeing with the conclusion of other circuits on the question, a district court's refusal to accept an FTCA certification is the equivalent of a denial of qualified immunity and therefore is immediately appealable. Kassuelke v. Alliant Techsystems, Inc., 223 F.3d 929, 931 (8th Cir. 2000) (citing cases); see also Brown v. Armstrong, 949 F.2d 1007, 1012 (8th Cir. 1991) (noting, in discussing question of whether plaintiffs were entitled to jury trial on certification issue, that "challenges to the Attorney General's certification must be resolved before trial, as soon after the motion for substitution as practicable").

We have jurisdiction over this appeal.

## III.

We turn now to the merits of the appeal.[3]  Although the Title VII preemption issue is not the same as the scope-of-employment question that gives us jurisdiction over this collateral appeal, we nevertheless conclude that it is properly addressed now. The effect of deciding the issue favorably to the government here is the same as deciding the scope question in favor of Dick:  he will be immune from suit individually. We review the District Court's conclusion on the legal question of Title VII's exclusivity de novo.

As we have said, after the District Court affirmed Westfall certification on some of the alleged behavior of Dick, it held that claims based on that conduct would be dismissed for failure to exhaust administrative remedies under the FTCA.  We note, however, that the District Court would have been compelled to dismiss such claims (with prejudice) in any case.  The statute that effectively waives the sovereign immunity of the United States for Title VII claims, 42 U.S.C. § 2000e-16, "provides the exclusive judicial remedy for claims of discrimination in federal employment."  Brown v. Gen. Servs. Admin., 425 U.S. 820, 835 (1976).[4]  Thus the FTCA claims against Dick based on Westfall certified behavior cannot be maintained because they are preempted by Mathis's Title VII claims against the USPS.  See Gergick v. Austin, 997 F.2d 1237,

---

[3]We emphasize at the outset that this opinion should not be construed as commenting in any way on either the veracity of Mathis's factual allegations or the merits of any claims that remain in this lawsuit.

[4]In fact, the District Court did dismiss Mathis's breach of implied contract claim for the reason that it was "barred by the exclusive remedies of the federal statutes." Order of Jan. 27, 1999, at 1 (citing Gergick v. Austin, 997 F.2d 1237, 1239 (8th Cir. 1993), cert. denied, 511 U.S. 1029 (1994)).  But see Baird v. Haith, 724 F. Supp. 367, 374 (D. Md. 1988) (concluding that plaintiff's allegations of breach of contract were "sufficiently distinct from her complaint of employment discrimination to make the holding of Brown inapplicable").

1239 (8th Cir. 1993), cert. denied, 511 U.S. 1029 (1994).[5]  The question remains, however, whether Title VII is the exclusive remedy for the de-certified conduct of Dick, that is, the behavior held by the District Court to be outside the scope of his employment.

We begin our analysis with a brief account of Mathis's de-certified allegations against Dick, as described by the District Court, which presumably form the basis of the state-law claims that remain in the case against Dick individually.  There are three specific incidents recounted, all of which occurred in 1994 during or after USPS quarterly staff meetings in different locations in Arkansas.  Mathis claims that some employees attended one of these meetings wearing what has been described as hats that were intended to resemble condoms, and then referred to themselves as "dick heads." Although Dick was not himself wearing one of the "hats," he was present and did not act, as supervisor, to stop the activity.  On another occasion, according to Mathis, Dick and Mathis were among USPS employees who had stayed past the meeting (until 1:30 in the morning, in fact) drinking and playing poker.  As Mathis started to leave, an inebriated Dick insisted upon knowing where she was going and told her in no uncertain terms to sit down.  Following yet another meeting, in a hotel bar where a group of USPS employees including Dick and Mathis had gathered, Dick demanded that Mathis dance every dance with him.

This behavior was declared by the District Court to be outside the scope of Dick's employment as defined by Arkansas law; thus the United States would not be

---

[5]In Gergick, the Court quoted Brown and concluded that the plaintiff could not pursue a FTCA claim for emotional distress, as Title VII was the exclusive remedy available to the plaintiff.  Because emotional distress damages were not at the time recoverable in a Title VII action, the court held that the plaintiff could not maintain any sort of claim for emotional distress.  Now, under 42 U.S.C. § 1981a(b) (1994), damages for "emotional pain" may be awarded in a Title VII case, all the more reason to prohibit a duplicative emotional distress claim against an individual defendant.

substituted as defendant under the FTCA on the related claims. Indeed, the Supreme Court has recognized "[t]he general rule . . . that sexual harassment by a supervisor is not conduct within the scope of employment." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 757 (1998). But the Ellerth Court further noted that "[s]cope of employment does not define the only basis for employer liability under agency principles," and declared that, under Title VII, "[a]n employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." Id. at 758, 765.[6]

Presumably, Mathis intends to prove her Title VII sexual harassment case against the USPS by presenting not only evidence of conduct that occurred within the scope of Dick's (or other USPS workers') employment but also evidence of the incidents outlined above, the same outside-the-scope behavior that forms the basis of her claims against Dick individually, according to the District Court. As we have said, the Supreme Court has declared Title VII to be the exclusive remedy for federal employees seeking redress for employment discrimination. To the extent Mathis wishes to use evidence of the de-certified incidents to show that she was subjected to

---

[6]Given the holdings of Brown and Ellerth, and our holding today, Westfall certification in this case was a futile exercise, because it is irrelevant. As for the part of Mathis's Title VII claim charging discrimination for acts of retaliation, to the extent Dick was involved, he would have been acting within the scope of his employment at the time of such discrimination and the government is properly substituted, but the FTCA claim nevertheless should then have been dismissed as preempted by Title VII. As for the alleged sexual harassment by Dick, Mathis's supervisor, the USPS will be liable (subject to certain defenses) under Ellerth and Title VII for any proven harassment. Thus, it is immaterial to Mathis's case against the USPS whether the supporting harassing incidents were within the scope of Dick's employment: if they were within, any related FTCA claims are preempted by Title VII; if they were outside, the related claims are not actionable as FTCA claims against the government but only as state-law claims against Dick. And our holding in this case disposes of those outside-the-scope claims that might have remained against Dick individually.

such severe and pervasive harassment as to create an objectively hostile work environment, then, we hold, she cannot bring state-law claims against Dick arising out of the same facts simply by labeling them as something other than employment discrimination claims. As the Supreme Court has said, "[A] precisely drawn, detailed statute pre-empts more general remedies." Brown, 425 U.S. at 834; see Premachandra v. United States, 739 F.2d 392, 394 (8th Cir. 1984) (quoting Brown and holding that civil service remedies for discharged employees preempt FTCA claims). Were we to allow Mathis to sue Dick individually, for the consequences of the same acts that she alleges to be sexual harassment under federal law, we would be allowing her to evade the holding in Brown. The situation would be different if Mathis were relying on altogether different incidents to support her state-law claims, with no intention of using evidence of the same incidents to prove the seriousness and pervasiveness of the Title VII sexual harassment she alleges she was forced to endure.[7]

In so holding, we find ourselves in agreement with the opinion of the court in Pfau v. Reed, 125 F.3d 927 (5th Cir. 1997).[8] The Fifth Circuit held that "[w]hen the same set of facts supports a Title VII claim and a non-Title VII claim against a federal employer, Title VII preempts the non-Title VII claim." 125 F.3d at 933. And because there was a state-law claim of intentional infliction of emotional distress against the plaintiff's supervisor individually in Pfau, the court went further and held that "Title VII's preemptive effect as to claims against individual supervisors is coextensive with its preemptive effect as to claims against federal agencies." Id. at 934; see also Fusco

---

[7]In that situation, however, the state-law claims likely would not be "so related" as to allow a federal court to exercise supplemental jurisdiction over the action against Dick individually. 28 U.S.C. § 1367(a) (1994).

[8]The Supreme Court granted certiorari in Pfau, vacated the judgment, and remanded "for further consideration in light of" recently decided Supreme Court cases. 525 U.S. 801 (1998). On remand, the Fifth Circuit "reinstate[d]" the part of its original opinion that we cite here. Pfau v. Reed, 167 F.3d 228, 229 (5th Cir.), cert. denied, 528 U.S. 813 (1999).

v. Cohen, No. 92-CV-1525, 1998 WL 167299, at *3 (N.D.N.Y. Apr. 3, 1998) (concluding that Title VII claim preempted state-law claim for intentional infliction of emotional distress where plaintiff "allege[d] the same factual basis for" both claims). But see Brock v. United States, 64 F.3d 1421, 1423 (9th Cir. 1995) (holding that FTCA claim for negligent supervision would not be preempted where "the type of harm is highly personal");[9] Brunetti v. Rubin, 999 F. Supp. 1408, 1412 (D. Colo. 1998) (holding that Title VII plaintiff "may simultaneously seek redress for violations of each distinct and independent right," and dismissing "plaintiff's extreme and outrageous conduct claim only to the extent that she seeks redress for the alleged gender discrimination"). We are unwilling—and under Brown, unable—to give a plaintiff carte blanche to creatively plead as many state-law causes of action as she believes she may sustain against her supervisor, in addition to her Title VII claim, when, at bottom, her claim is for sexual harassment by a supervisor, for which the government already stands liable under Title VII and Ellerth. "It would require the suspension of disbelief to ascribe to Congress the design to allow its careful and thorough remedial scheme to be circumvented by artful pleading." Brown, 425 U.S. at 833.

Mathis is not deprived of her day in court as the result of our holding today. She still has her Title VII claims against the USPS—arising from the same behavior alleged as supporting the state-law claims against Dick—to vindicate any rights that Dick may have violated. But, under Brown, she simply cannot have it both ways: either

---

[9]Interestingly, the government in Brock conceded that, if the plaintiff had "sought state tort remedies against [the defendant supervisor] individually, Title VII would not bar those claims." Brock, 64 F.3d at 1423. Needless to say, there is no such concession here.

The holding in Brock violates the spirit of Brown, and then compounds the error by resorting to a test that proposes a subjective standard that invites plaintiffs to characterize defendant supervisors' conduct as so egregious, and to describe plaintiffs' sensitivities as so acute, as to make out a case that the behavior caused "highly personal" harm, whatever that may be.

supervisor Dick's extracurricular conduct was part of a pattern of employment discrimination, that is, sexual harassment, within the meaning of Title VII, which then is her sole remedy, or it was the individual tortious action of Dick for which he is personally responsible.

## IV.

On these facts, where Mathis is so clearly using the same factual allegations to support both her sexual harassment claim against the USPS under Title VII and her state-law claims against her supervisor in his individual capacity, we hold that Title VII is the exclusive civil remedy available to her, and that it preempts the remaining state-law claims. Those claims must be dismissed.

The case is remanded to the District Court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-10-