# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1301

_____

| | | |
|---|---|---|
| Ken Larsen, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa |
| Shirley Frederiksen, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 16, 2001

Filed: January 25, 2002

_____

Before McMILLIAN, BEAM, and HANSEN, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Ken Larsen appeals from a judgment of the district court dismissing his complaint and denying his motion to remand to state court. We affirm.

In 2000, Larsen, an Iowa property owner, filed an action in state court, alleging that Shirley Fredericksen, who was an employee of the United States Department of Agricultural, "intimidated" his tenant and the tenant's contractor by telling them a planned project would be in violation of the wetlands law. Larsen further alleged that although Frederiksen changed her opinion, the tenant was unable to go forward with the project and lost crop income.

Pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), the government removed the case to the district court. As delegate of the Attorney General, the United States Attorney certified that at the time of the alleged incident Frederiksen was acting within the scope of her federal employment. 28 U.S.C. § 2679(d)(2). The government moved to substitute the United States as defendant, see id., and to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), asserting that Larsen had failed to timely file an administrative claim, as required by 28 U.S.C. § 2401(b). In response, Larsen asserted that his action was merely a suit against a private individual and moved to remand the case to state court.

The district court granted the government's motions and denied Larsen's remand motion. The district court held that removal was proper since Frederiksen could raise a colorable federal defense. See Mesa v. California, 489 U.S. 121, 129 (1989). The district court substituted the United States as the defendant and dismissed the complaint because Larsen had not filed an administrative claim within two years of the alleged incident as statutorily required.

Contrary to Larsen's arguments on appeal, the district court properly removed the case and denied his remand motion. Although a plaintiff may challenge the Attorney General's scope of employment certification as regard to the substitution of parties, he or she "bears the burden of coming forward with specific facts rebutting the certification." Lawson v. United States, 103 F.3d 59, 60 (8th Cir. 1996). Larsen's allegation that the United States Attorney was incompetent to certify the scope of Frederiksen's employment because he had never held her job clearly does not satisfy this burden.

In addition, the constitutionality of § 1442, the federal officer removal statute, is well-established. See Mesa, 489 U.S. at 125-29. Nor did the district court's order violate Fed. R. Civ. P. 52, which provides that "findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12." As the government

-2-

argues, there are additional reasons for affirming the district court's dismissal, but we need not address them.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.